# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

HERSHFIELD & MITCHELL v. THE FIRST NATIONAL BANK OF GRINNELL.

| | |
|---|---|
| 39 | 699 |
| 78. | 562 |
| 39 | 699 |
| 86 | 572 |
| 39 | 699 |
| 97 | 736 |

APPEAL: JURISDICTION. When the certificate of the trial judge provided for by Sec. 3173 of the Code should be made, to confer jurisdiction upon the Supreme Court.

*Appeal from Poweshiek Circuit Court.*

MONDAY, JUNE 15.

SUBMITTED on motion to dismiss the appeal.

PER CURIAM.—This action was commenced before a justice of the peace to recover on a sight draft for $71.63. It was appealed to, and tried in, the Circuit Court, where, on the 8th day of January, 1874, that court made a special finding in writing, of the facts and his conclusions of law thereon, ordering judgment to be entered for the defendant for costs; and on the 15th day of January, 1874, the clerk entered up the judgment ordered. On the 27th day of April, 1874, more than three months after the rendition and entry of the judgment, the Judge of the Circuit Court made a certificate to the effect that the case "involves a question of law on which it is desirable to have the opinion of the Supreme Court."

Without the certificate required by Sec. 3173 of the Code the case was not appealable. But, as we understand that section, such certificate must be made at the time of the trial of the cause and then made a part of the record, so that the aggrieved party may have a right to appeal from the judgment rendered. If he wishes the right to appeal he should make his application for the proper certificate at the time of the decision of the cause, so that his right of appeal is apparent of record from the rendition of the judgment. This right must rest upon the record, and there is no authority

for making additions thereto after it has been completed, except to correct mistakes or omissions so as to make the record show correctly the action and proceedings had in the case. The filing of the certificate provided for in Sec. 3173 of the Code, several months after the cause has been finally disposed of, and after the term at which judgment was rendered, is not within this exception, and is not contemplated by the statute.

The motion must be sustained and the appeal

DISMISSED.