## ROSE v. WHEELER.

1. **Practice:** CERTIFICATE OF JUDGE. The certificate of the judge necessary to give a party the right to appeal a case involving less than one hundred dollars to the Supreme Court must be made at the term at which the case is tried.

*Appeal from Delaware District Court.*

THURSDAY, JUNE 13.

THIS is an action of replevin for a colt, commenced before a justice of the peace, and involves less than one hundred dollars. The cause was appealed to the Circuit Court, and transferred therefrom to the District Court for trial. The cause was tried by the court, and judgment was rendered for the plaintiff. The defendant appeals.

*Calvin Yoran* and *Bronson & Le Roy*, for appellant.

*A. S. Blair*, for appellee.

DAY, J.—After the term at which the cause was tried, the trial judge executed a certificate as follows: "Whereas, at a trial of the above entitled cause before the court at the February Term (1877) thereof, it was by the parties understood with the court that the said cause did embrace or involve in its determination questions of law upon which it is desirable to have the opinion of the Supreme Court; and, whereas, the said certificate has not been filed or is missing therefrom: Now, therefore, upon the application of defendant, as in accordance with the facts of said cause, I D. S. Wilson, judge of said court, and trial judge of said cause, do give this my certificate, as of the date of the trial of said cause, that said cause involves in its determination questions of law upon which it is desirable to have the opinion of the Supreme Court." This certificate does not state that a cer-

tificate was given by the trial judge at the term at which the cause was tried, which has been lost, and that this certificate was given in lieu thereof. We can only infer that the certificate referred to was not filed or is missing because none had been given. The proper certificate must be made by the trial judge at the term at which the cause is tried. *Hershfield & Mitchell v. First National Bank of Grinnell,* 39 Iowa, 699; *Lomax v. Fletcher & Holt,* 40 Iowa, 705.

The appeal must be

DISMISSED.