## HAKES v. DOTT.

54 17
94 408

1. **Practice in the Supreme Court:** APPEAL: JURISDICTION. To authorize the consideration of an appeal from a judgment for less than one hundred dollars it must appear that the certificate of the judge was given and made a part of the record at the time of the trial.

2. ——: ——: COSTS. Costs are not to be considered in determining whether or not the amount of a judgment exceeds one hundred dollars.

*Appeal from Jones Circuit Court.*

MONDAY, JUNE 14.

THIS action was brought against the defendant as county auditor of Jones county, to recover damages in the sum of $50.79, alleged to have been sustained by the refusal of the defendant to pay plaintiff certain money due plaintiff as money paid in redeeming land from tax sales.

Judgment was rendered in the plaintiff's favor for $57.00 damages, and $49.00 costs. The defendant appeals.

*J. S. Stacy,* for appellant.

*E. Keeler,* for appellee.

ADAMS, CH. J.—The appellee insists that this appeal must be dismissed for want of jurisdiction in this court, arising from the fact that no certificate of appeal was given and filed within the proper time. The abstract shows that the judgment was rendered

1. PRACTICE in the supreme court: appeal : jurisdiction.

on the 7th day of October, 1879, and that the certificate was filed on the 5th day of December, 1879. When the certificate was signed does not appear.

In *Hershfield & Mitchell v. First National Bank of Grinnell*, 39 Iowa, 699, it was held that the certificate must be made at the time of the trial of the cause, and then made a part of the record, so that the right of appeal should become apparent of record from the time of the rendition of judgment. See, also, *Lomax v. Fletcher & Holt*, 40 Iowa, 705, and *Rose v. Wheeler*, 49 Id., 52. Under these rulings we have to say that it does not appear to us that the certificate was either made or filed in time.

It is insisted by appellant, however, that no certificate was necessary, inasmuch as the damages and costs exceeded $100.

2. ——: ——: The appellant cites *Uplinger v. Kettering*, 43
costs.          Iowa, 483. That was an action for an injunction. The plaintiff in another action had sued the defendant, claiming $68.98, and the defendant in the same action claimed $169.25. The defendant recovered $9.89 and costs. The plaintiff in the case cited sought an injunction to restrain an enforcement of the judgment and to allow an appeal. It did not appear from the petition what costs were recovered in the original action, and it was held that such being the fact the amount in controversy, as shown by the pleadings, was only $78.87. The appellant relies upon this case as holding by implication that the costs in the action in which the appeal is taken may be taken into consideration. But in the case cited the costs referred to were the costs in a former action.

In our opinion a certificate was necessary, and having been neither made nor filed in time the appeal must be

DISMISSED.