Foye et al. v. Walker.

---

FOYE ET AL v. WALKER.

1. **Appeal to Supreme Court:** LESS THAN $100: TIME OF MAKING CERTIFICATE. Where an appeal is sought in a cause involving less than $100, the certificate required in such a case must be made and filed at the time of the rendition of the judgment. It is not sufficient that it be made at the same term.

| | |
|---|---|
| 62 | 251 |
| 78 | 562 |
| 62 | 251 |
| 86 | 572 |
| 62 | 251 |
| 97 | 736 |

*Appeal from Dallas Circuit Court.*

FRIDAY, DECEMBER 7.

ACTION for an injunction to restrain the collection of a judgment. There was a decree for the plaintiffs. The defendant appeals.

*Cardell & Shortley,* for appellant.

*White & Clark,* for appellees.

ADAMS, J.—The judgment, the collection of which the plaintiffs seek to enjoin, is for $10 debt and $24.35 costs. The case comes to us upon a certificate. The decree appealed from was rendered August 11, 1882. The certificate was made and filed during the same term, but not until August 16, 1882. The appellees insist that the certificate was not made and filed in time, and that accordingly this court has not acquired jurisdiction.

Section 3173 of the Code, which provides for the certificate, does not expressly provide within what time it shall be made and filed. The defendant does not deny that it should be done at the same term. It was so held in *Nicely v. Rogers*, 39 Iowa, 441; *Lomax v. Fletcher*, 40 Iowa, 705, and *Rose v. Wheeler*, 49 Iowa, 52. But the defendant insists that in no case has the court had occasion to go farther than that, and that it ought not to go farther.

The appellees rely upon *Hershfield v. First National Bank*, 39 Iowa, 699, and *Hakes v. Dott*, 54 Iowa, 17. In the former case the court said: "As we understand that section, such certificate must be made at the time of the trial of the cause, and then made a part of the record." In the latter case that ruling is cited and followed. It is true that it did not expressly appear in either case, as it does in the case at bar, that the certificate was made and filed *during the term*; but it is manifest that that was not regarded as the test. The reasoning is that it should be apparent of record, from the time of the rendition of the judgment, whether an appeal lies or not. We see no reason to depart from the construction adopted. At no time is the trial judge better qualified to certify any question which he desires to certify, and it seems to us reasonable and proper that parties should have at all times the means of knowing what their rights are, in order that they may govern themselves accordingly.

We have to say that we think that the appellee's position is well taken, and that the appeal must be

DISMISSED.