## THE STATE v. SCHMIDTZ.

1. **Intoxicating Liquors**: ABUSE OF PERMIT TO SELL: REVOCATION BY DISTRICT COURT: JURISDICTION: HOW CAUSE ENTITLED: TRIAL BY JURY: CERTIORARI. The district court has jurisdiction, under § 1535 of the Code, to revoke a permit granted by the board of supervisors for the sale of intoxicating liquors, upon proof that the holder thereof has sold such liquors for unlawful purposes. Such cause may be prosecuted by the informant in the name of the state, and be heard and determined by the court without a jury, and for error in such proceeding appeal, and not *certiorari*, is the proper remedy.

2. ——: ——: ——: TITLE OF CAUSE: APPEAL BOND: DUTY OF COURT TO FIX. It is not necessary that such proceeding be brought in the name of the state, as it is not a criminal action, but a special proceeding of a civil nature; and the court is not required in such a case to fix the amount in which the defendant must give bond for an appeal to the supreme court, as is provided when it is desired to supersede the judgment in a criminal action, pending an appeal.

3. ——: ——: ——: APPEAL: CERTIORARI: STAY OF JUDGMENT. Where it is shown to this court in an application for *certiorari*, that an appeal has been taken from such an order of revocation, this court will not command the execution of the order to be stayed pending the appeal, for no execution or process is required to carry the revocation into effect,—it being self-executory, and to stay execution for costs the defendant is at liberty to file a supersedeas bond. (*Jayne v. Drorbaugh*, 63 Iowa, 711.) This court has no power in such case to order that the permit be continued in force, pending an appeal.

*Appeal from Sac District Court.*

WEDNESDAY, MARCH 19.

THE board of supervisors of the county of Sac granted the defendant a permit to sell intoxicating liquors for lawful purposes. A citizen of the county "filed a written information, on oath, before the district judge," charging in substance that the defendant had sold such liquors for unlawful purposes. A citation was issued and served on the defendant, requiring him to appear before the district court and show cause why his permit should not be vacated. The defendant appeared and answered the information, and there was a

The State v. Schmidtz.

trial. The court revoked the permit, and the defendant applied for a *certiorari* to review the proceedings of the district court, on the ground that it had exceeded its jurisdiction, or had otherwise acted illegally.

*Ed. R. Duffie* and *M. M. Gray*, for defendant.

*J. W. Cory* and *W. A. Helsell*, for plaintiff.

SEEVERS, J.—I. The defendant demanded a trial by jury, and moved to strike out the name of the state as plaintiff, and insert the name of the person who filed the information. The motion was overruled, and a trial by jury refused. In so doing, it is said the court exceeded its jurisdiction, or acted illegally. The court, under the statute, (Code, § 1535,) undoubtedly had jurisdiction, and it is clearly provided therein that the court shall hear the cause, and, if the charge is sustained by the evidence, shall revoke the permit. The constitution provides that the right of trial by jury shall remain inviolate, and that no person shall be deprived of life, liberty, or property without due process of law. Article 1, § 9, Const. The defendant paid nothing for the permit, and the inquiry seems to be pertinent, was he deprived of property when the permit was revoked? The law under which the permit was issued provides in express terms that if the defendant sold liquors for unlawful purposes the permit should be revoked. He received and accepted the permit under such condition. He was not, therefore, deprived of property when the permit was revoked. *Hurber v. Baugh*, 43 Iowa, 514. Therefore it cannot be said that the defendant has been deprived of property without due process of law.

Again, as the court had jurisdiction of the subject-matter, the refusal of a trial by jury, and the overruling of the motion, did not have the effect to oust the court of jurisdiction; and, conceding that it erred, the appropriate remedy for the cor-

*Margin note: 1. INTOXICATING liquors. abuse of permit to sell: revocation by district court: jurisdiction: how cause entitled: trial by jury: certiorari.*

rection of the error is by appeal, and therefore *certiorari* will not lie; for it is undoubtedly true that such error can be as readily and as speedily corrected on appeal as in this proceeding, and the remedy thus provided is clearly sufficient for the protection of the defendant's rights. Code, § 3216; *Davis Co. v. Horn*, 4 G. Greene, 94; *Fagg v. Parker*, 11 Iowa, 18; *Sunberg v. District Court*, 61 Id., 597; *Galloway v. Corbitt*, 52 Mich., 460; *Alt v. Lalone*, 54 Id., 302.

II.  Upon the rendition of the judgment, the defendant asked the court to fix the amount in which he must give a bond for on appeal to the supreme court, as is provided in criminal actions when it is desired to supersede the judgment pending the appeal.  This the court refused, on the ground, we suppose, that, although commenced in the name of the state, this is not a criminal proceeding; and this, we think, is so. "Public offenses are divided into (1) felonies; (2) misdemeanors;" (Code, § 4103;) and it is clear that this is neither.  It is not required that the proceeding to have a permit to sell intoxicating liquors revoked should be commenced in the name of the state as plaintiff; and if it was, the proceeding could not be designated as a criminal action, unless the object of the action was to convict and punish the party holding the permit for a crime.  Such was not the object of this proceeding, and, by the judgment of the court, the defendant was deprived of a civil right only; and this is all it could legally have done.  This, therefore, is a special proceeding, of a civil nature and legal character, and triable as such in the courts.  The court, therefore, did not commit an error, or act illegally, in refusing to fix the amount of bail as above stated.

2.——:——: title of cause: appeal bond: duty of court to fix.

III.  The defendant, as we are advised, took an appeal to this court, and gave a bond conditioned as provided in civil cases, when it is desired to supersede the judgment of the district court, and, as a matter of precaution, on the ground that the appeal and

3.——:——: appeal: certiorari: stay of judgment.

bond may not have such effect, we are asked to make an order staying or superseding the judgment, in aid of the appellate jurisdiction of this court. It is claimed by one of the counsel for the plaintiff that an appeal cannot be taken because it is not authorized by law; but we think the judgment of the district court must be regarded as a " final order in a special proceeding, affecting a substantial right," and therefore appealable. Code, § 3163. The permit has been revoked. It is no longer in force. The judgment, in this respect, has been executed. It was self-executing. No process is required unless to collect the costs. There is nothing else to supersede. And that the appeal and bond will have the effect to stay the issuing of process to collect the costs, we have no doubt. *Jayne v. Drorbaugh*, 63 Iowa, 711.

In substance, then, we are asked not only to grant a restraining order, but make an order continuing the permit in force, pending the appeal. This we cannot do; this court has no such power. We may restrain by injunction, but there is nothing to restrain so far as the permit is concerned; and we may compel action in a proper case by *mandamus*. The former would be unavailing, and the latter cannot be invoked. Nor has the court inherent power to do what is asked, for the reason that we can only, in a proper case, require the district court to act; and it has no power to reinstate the permit, unless it did so by setting aside the judgment for some reason recognized by law. The effect in such case would be to continue the permit in force.

The *certiorari* is refused; and we decline to make any other order.