## HINESLEY v. MAHASKA COUNTY.

1. **Appeal to Supreme Court:** LESS THAN $100: TIME OF SIGNING CERTIFICATE. This court has no jurisdiction of an appeal involving less than $100 unless the certificate of the trial judge is signed at the term at which the case is tried below. A certificate made at the next term, *nunc pro tunc,* is not sufficient.

*Appeal from Mahaska Circuit Court.*

TUESDAY, OCTOBER 12.

PLAINTIFF is a justice of the peace in Mahaska county, and he made a claim against the county for certain fees in criminal cases which had been tried before him. This claim being disallowed by the board of supervisors, he brought this action to enforce it. The circuit court held that he was not entitled to recover on the claim, and dismissed his petition, and from that order he appeals.

*Liston McMillen,* for appellant.

*L. C. Blanchard,* for appellee.

REED, J.—The amount involved in this controversy is less than $100. At the term at which the judgment was rendered, the trial judge stated to counsel that he would sign a certificate to the effect that the cause involved a question of law on which it was desirable to have the judgment of the supreme court. A certificate embodying such question was accordingly prepared by counsel, and handed to the judge, but by oversight or inadvertence he failed to sign it at that term of court. At the next term, however, he attached to the certificate a statement of the facts that it was prepared at the former term, and that he fully intended to sign it at that term, but that he had neglected inadvertently to do so, and signed it. The statement also recited that the certificate was signed *nunc pro tunc.*

We have uniformly held that, in order to give this court jurisdiction in this class of cases, the proper certificate must be signed by the trial judge at the term at which the case is tried. *Hershfield v. First Nat. Bank*, 39 Iowa, 699; *Lomax v. Fletcher*, 40 Id., 705; *Rose v. Wheeler*, 49 Id., 52. The present case does not differ materially in its facts from the one last cited. Following the rule established by that case, the appeal will be

