## William Macrum, Trustee, Plff. in Err., v. James Jones.

Pending an appeal from an award of a jury appointed to assess damages for land taken for a lateral railroad under the Act of May 5, 1832, and before a final judgment is entered in the court below, a certiorari to take the record to the supreme court is improper and premature.

(Argued October 20, 1887. Decided October 31, 1887.)

October Term, 1887, No. 255, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Certiorari to the Common Pleas of Washington County to review the action of the court in the matter of a petition under the lateral railroad act of May 5, 1832. Writ quashed.

On August 30, 1887, James Jones filed a petition under the lateral railroad act of May 5, 1832 (P. L. 501), alleging that he was the owner of certain coal lands in Washington county, lying within three miles of the Monongahela river; that to transport his coal to it a lateral railroad through coal belonging to Wm. Macrum, trustee, was necessary. A plot showing the location of the proposed road was annexed. On the same day six

Cited in Johnstown, I. & W. Turnp. Co.'s Petition, 5 Pa. Super. Ct. 65, 71, 40 W. N. C. 485, 28 Pittsb. L. J. N. S. 59.

NOTE.—Appeals cannot be taken from interlocutory judgments. Such as the approval of a bond in condemnation proceedings (Slocum's Appeal, 12 W. N. C. 84); or the appointment of viewers to assess damages in road cases (Johnstown, I. & W. Turnp. Co.'s Petition, 5 Pa. Super. Ct. 65, 40 W. N. C. 485, 28 Pittsb. L. J. N. S. 59); or from an order referring a report of viewers to the county commissioners (Youghiogheny Bridge Co.'s Appeal, 168 Pa. 454, 31 Atl. 1096); or from a decree setting aside the report of viewers (Re Road, 32 Pa. 9; Re Road, 2 Serg. & R. 419). But where the effect of sustaining exceptions to the report of viewers, is to dismiss the petition and quash the proceedings, the judgment is final, and the subject of appeal. Beale v. Pennsylvania R. Co. 86 Pa. 509.

viewers were appointed and a precept issued to them directing a view, a finding whether the railroad was necessary, an assessment of the damages that would be sustained by the owner of the intervening coal, and a report of their doings to next term.

On September 28, 1887, the report of said viewers, finding the proposed railroad necessary, and assessing the compensation of Wm. Macrum, trustee, at $150, was filed on October 5, 1887; the appeal of Wm. Macrum, trustee, from said report of viewers was filed in the prothonotary's office; on the same day, exceptions of Wm. Macrum, trustee, to the said report and the record of the proceedings prior thereto, were filed by leave of court, alleging: (1) That the number of viewers should have been seven, not six; (2) that the proceeding was irregular and void; and (3) that the report on the damages was unauthorized and void.

On the same day, counsel for petitioner submitted a bond in the penal sum of $500, with condition required by the act of April 20, 1858 (P. L. 361), and moved that it be approved in order that petitioner might go on to build the proposed railroad; on October 7, 1887, the court declined to approve the bond tendered—W. Macrum having objected on the ground that since the act of 1871, the court has no jurisdiction, and that the bond was inadequate in amount.

October 11, 1887, counsel for petitioner moved that the court dismiss the exceptions, confirm the report and allow the filing of a bond under the act of 1858, in a sum to be fixed by the court, so that petitioner might proceed with the construction of the proposed railroad; on the same day counsel for exceptant, W. Macrum, trustee, asked, at the argument of the above motions, that he be permitted to introduce evidence to show the non-necessity of the proposed railroad; this without prejudice to the objection to the jurisdiction of the court. The court refused to receive evidence on that question, being of the opinion that the act of 1858 did not authorize it to consider anything outside the record; on October 15, 1887, the court dismissed the exceptions, overruled the objection to the filing of a bond under the act of 1858, authorized the petitioner to proceed, upon filing such bond in the sum of $1,500—to be approved by the court: Provided, however, That in addition to the bond required by the act of 1858, another for a like amount must be filed "reciting this proceeding and conditioned for the payment of all dam-

ages that the said Wm. Macrum may recover for the entry upon his land, and the construction of said road thereon, if the applicant should eventually fail in this proceeding."

The assignment of errors specified the action of the court: In ordering "that the petitioner be allowed to file a bond, as provided in § 1 of the act of April 20, 1858;" in overruling plaintiff in error's motion for leave to prove to the court at the hearing of the petitioner's motion to file a bond and proceed under the act of 1858, that the proposed railroad is not necessary within the meaning of the lateral railroad law; in overruling and dismissing the several exceptions of the plaintiff in error; and in confirming the viewers' report.

*Thomas H. Baird* and *William Macrum,* for plaintiff in error.—This certiorari was taken with a full knowledge of all that was decided in Hall's Appeal, 56 Pa. 238. At the time of that decision the court had jurisdiction to pass upon the necessity of the proposed road, when called upon to do so by an application under the act of 1858 (P. L. 361). The power to legalize the building of the road by finding that it was necessary, and providing security for the payment of compensation, being vested in the court below, the question whether its decree exercising that jurisdiction should be superseded pending a certiorari would be one upon which this court could exercise a sound discretion when duly appealed to.

In the case at bar it is submitted that the order complained of was a mere usurpation, the jurisdiction under the act of 1858 having been taken away by the inconsistent grant of jurisdiction to the appeal jury, made by the act of 1871 (P. L. 56).

Nothing is better settled than that certiorari lies to correct proceedings in which subordinate courts exceed their jurisdiction, and that the writ is not premature when the order complained of is in the nature of a final decree, and will, if not reversed, become an accomplished fact.

*C. G. McIlvaine* and *A. M. Todd,* for defendant in error.— We think the writ in this case is premature, and have therefore filed a motion to quash it. The grounds of the motion are that Wm. Macrum, on the same day he filed his exceptions to the report of the viewers, filed also his appeal from their report, and the record shows that the decree entered by the court below rec-

ognizes his right to have a jury pass upon the necessity for the road and the amount of damages he should receive, as it directs the framing of an issue within ten days. The decree is therefore merely preliminary and interlocutory, and the writ of certiorari should be quashed as premature. When the court of common pleas has proceeded to final judgment, the whole proceedings may be reviewed on writ of error. Straub v. Smith, 2 Serg. & R. 382; Erie Bank v. Brawley, 8 Watts, 530.

If the right of appeal exists, then this proceeding has not yet reached a stage at which it is subject to review in this court. This was the very point decided in *Re* Horner & R.'s Lateral R. Co. 37 Pa. 333, and in that case this court, after deciding that there was a right of appeal, quashed the certiorari "as premature."

The appeal from the award of viewers in this case is fully supported by the provisions of the act of February 17, 1871 (P. L. 56); and is also given by act of March 28, 1840 (P. L. 196). Hall's Appeal, 56 Pa. 238, is similar to the present case.

It is true that a certiorari was sustained in Pittsburgh Nat. Bank of Commerce v. Shoenberger, 111 Pa. 95, 2 Atl. 190, but in that case no appeal was pending, the time for filing it had passed, and the judgment of the court below in overruling the exceptions filed to the report of viewers was final. There must be a final judgment or something in the nature of a final judgment before it is ripe for review in the supreme court. Com. v. Ruth, 14 Pittsb. L. J. 115; Chadwick v. Ober, 70 Pa. 264; Com. *ex rel.* Snyder v. Mitchell, 80 Pa. 57.

For these reasons we submit that the writ of certiorari should be quashed.

PER CURIAM:

It is unnecessary for us to decide whether the first section of the act of February 17, 1871, in regard to lateral railroads repeals the latter half of the first section of the act of April 20, 1858, for the reason that under either view of the case the certiorari is premature. The record which it brings up shows upon its face that no final judgment has been entered in the court below. There is now an appeal pending in the common pleas from the award of the jury appointed to assess the damages. Pending that appeal it was improper to bring the record

up, as such appeal cannot be tried in the court below in its absence. See Hall's Appeal, 56 Pa. 238.

If the petitioner below files his bond and proceeds to construct the road pending the appeal, he will do so at his own risk. We express no opinion now as to this branch of the case. The plaintiff in error will be protected in any event by this bond.

Writ quashed.