DUANE H. NASH, Appellee, v. BECKMAN & SCHROEDER, Appellants.

86  249
112  102

Appeal: JURISDICTION: AMOUNT IN CONTROVERSY. A prayer in a counterclaim for damages in the sum of one hundred dollars will not give the supreme court jurisdiction of such cause upon appeal from a judgment thereon, where it appears from the facts pleaded that the pleader is not entitled to recover such sum.

*Appeal from Palo Alto District Court.*—HON. GEO H. CARR, Judge.

WEDNESDAY, OCTOBER 12, 1892.

ACTION to recover the purchase price of two harrows and "extra parts" thereof, sold by the plaintiff to defendants, of the value of thirty-seven dollars and fifty cents. The defendants, answering, presented a counterclaim for a breach of the conditions of the sale, and claimed damages in the sum of one hundred dollars and interest. The court directed a verdict for the plaintiff, and from a judgment thereon the defendants appeal.—*Dismissed.*

*B. E. Kelly*, for appellants.

*Soper, Allen & Morling*, for appellee.

GRANGER, J.—There is no certificate of the district court as is required to give this court jurisdiction where the amount in controversy, as shown by the pleadings, is less than one hundred dollars, because of which the appellee moves to dismiss the appeal. It is the amount of the counterclaim that is to control in this respect. The allegations of the answer in support of

the counterclaim are to the effect that the harrows were warranted to the defendants to be well made, of good material, to do good work, etc., and were purchased by the defendants for sale to other parties. The answer states that the harrows were sold to other parties; "that the same proved to be not well made, of poor material, and became broken, and could not be used for the purpose for which they were purchased. * * * The said harrows would not work, and the same proved of worthless, inferior, and breakable material and construction, and the said harrows broke to pieces, and proved worthless, and of no value whatever; and the said purchasers returned the same to the defendants, and refused to longer keep or retain the same; and refused to pay or settle for the same; that thereupon the defendants notified the plaintiff of their being worthless, and offered to return the same to the plaintiff, but the plaintiff refused to receive the same; that by reason of the above facts and by reason of the breach of said warranty, * * * defendants have suffered damages in the sum of one hundred dollars."

It is not the prayer but the facts alleged in the pleadings, from which the amount in controversy is to be ascertained. *Cooper v. Dillon*, 56 Iowa, 368. Under the allegations of the counterclaim, there could have been no greater recovery than the value of the harrows and extras. There are no facts pleaded showing damage beyond the loss of the machines, because valueless. Their value, then, limited the amount that could be recovered if a breach was established and the purchase price had been paid. If it had not been paid, the facts would, by way of counterclaim, offset the claim for the purchase price. No construction of the pleading could justify a recovery by the defendant of one hundred dollars. The appellee devotes considerable space to the point that no objection was made to the pleading in the district court, by motion or demurrer, and that its suffi-

ciency cannot be tested here. No question is made here as to the sufficiency of the pleading; that is, its sufficiency in stating a cause of action or counterclaim. It is only urged here that the appellant must abide by the limitations of the law upon the amount of recovery, under the facts pleaded. That more is claimed than the facts pleaded will warrant as a recovery does not render a motion or demurrer necessary, but the law will fix the amount in harmony with the issues.

The motion is sustained, and the appeal DISMISSED.