W. C. SCHULTZ, Appellant, v. N. B. HOLBROOK, Appellee.

1. **Appeal**: JURISDICTION: AMOUNT IN CONTROVERSY: COUNTERCLAIM. Where, in an action to recover a sum less than one hundred dollars, there was set up as a counterclaim a cause of action which was barred by the statute of limitations, and which could be pleaded only in such case under the provisions of section 2540 of the Code, and judgment was rendered for the defendant for costs, *held*, that although judgment was asked upon said counterclaim in a sum greater than one hundred dollars, yet said counterclaim being maintainable only to the extent of the claim of the plaintiff, the supreme court could acquire no jurisdiction.

2. ———: ———: ———: CERTIFICATE: TIME OF FILING. A certificate of the district court certifying questions for the determination of the supreme court, upon appeal in cases involving less than one hundred dollars, must be signed and filed at the time a judgment is rendered.

*Appeal from Iowa District Court.*—HON. S. H. FAIRALL, Judge.

SATURDAY, OCTOBER 22, 1892.

This action was commenced August 11, 1890, to recover forty-six dollars, with interest at six per cent. from February 20, 1886, on an account for medical services rendered at various dates between May 27, 1884, and August 20, 1885. The defendant answered, setting up a counterclaim upon a contract in writing, whereby he, on the twentieth of December, 1872, sold to the plaintiff and one Archibald a certain building in consideration of two hundred and thirty dollars, to be paid as follows: Thirty dollars on the twenty-first of December, 1872; ten dollars on the second day of March, 1873, or within sixty days thereafter, and ten dollars on the twenty-first day of each succeeding month, or within sixty days thereafter, until the whole sum should be paid; providing the total amount should be paid in full on the twenty-first day of October, 1874, and that payments should draw interest at ten per cent. after due. He alleges that none of said installments were paid except the ones due December 21, 1872, and March 21, 1873. He prays "that so much of the amount thereof as has not been paid be applied in discharge of the plaintiff's claim, and that defendant have judgment for the residue in the sum of four hundred and fifty-seven dollars and eighty-seven cents and costs of suit." The plaintiff replied, admitting the execution of the contract, and alleging that whatever claim or cause of action the defendant had thereunder "was barred by the statute of limitations before the right of action accrued on the plaintiff's account." Further replying, he alleges that about August, 1874, the defendant notified him in writing to surrender said building on account of the failure to pay the installments then due, and in accordance with the contract; that in pursuance of said notice he did, about August, 1874, surrender to the defendant the possession of said property, with the improvements

made, and the amount paid by him thereon; wherefore he says that he was released and exonerated from further liability on said contract. Judgment was entered for the defendant for costs on the twentieth day of February, 1891, from which the plaintiff appeals.—*Dismissed.*

D. H. *Wilson*, for appellant.

J. T. *Beem* and *Hedges*, *Rumple & Lake*, for appellee.

GIVEN, J.—I. The record before us shows that on February 24th the judge trying the case signed a certificate certifying certain questions of law to this court for determination. The appellee contends that the amount in controversy is less than one hundred dollars, wherefore the case can only be tried in this court upon properly certified questions of law; and that, as the certificate was not signed by the judge until four days after the judgment was rendered, the appeal must be dismissed. The appellant contends that the amount in controversy, as shown by the pleadings, is in excess of one hundred dollars, and that his appeal lies independent of the certificate.

1. APPEAL: jurisdiction: amount in controversy: counterclaim.

The amount in controversy is to be determined by the pleadings. The answer must be taken as admitting the plaintiff's claim, as the relief asked is that the counterclaim shall be first applied in discharge of the plaintiff's claim; hence the pleadings do not show any controversy as to the plaintiff's claim. While it is true the answer demands judgment on the counterclaim for four hundred and fifty-seven dollars and eighty-seven cents, under the contract, yet, if it shows upon its face that this claim is barred, then it cannot be said that this amount claimed is in controversy. The last installment under the contract became due October 21,

1874, and whatever right of action the plaintiff had to recover the installments then accrued, and, being upon a written contract, became barred in ten years, except when pleaded as a counterclaim, as provided in section 2540 of the Code. The answer shows upon its face that the cause of action for the installments accrued October 21, 1874, and alleges no facts that stopped the running of the statute. Consequently it became barred October 21, 1884. As part of the plaintiff's account accrued prior to October 21, 1884, the defendant was entitled to offset it with an equal amount that might be due him under the contract, but he was not entitled to have judgment for any balance; and, therefore, according to the answer, the only amount in controversy upon the counterclaim was the amount necessary to offset the plaintiff's claim: namely, forty-six dollars with interest at six per cent. from February 20, 1886. We are of the opinion that the pleadings fail to show that the amount in controversy did exceed one hundred dollars.

II. It will be observed, as already stated, that the judgment was rendered on the twentieth day of February, 1891, and that the certificate was not signed by the trial judge until the twenty-fourth day of February, following. This court has repeatedly held that the certificate must be made and filed at the time of the rendition of judgment, and that it is not sufficient that it be done after, even at the same term. *Foye v. Walker*, 62 Iowa, 251; *Lomax v. Fletcher*, 40 Iowa, 705; *Hirshfield v. Bank*, 39 Iowa, 699; *Nicely v. Rogers, Id.* 441.

It follows from these conclusions that the appeal must be DISMISSED.