DAVID K. OYSTER *et al.,* v. HENRY BANK, JR., Judge.

**Transcript Judgment:** ENFORCEMENT: *Jurisdiction.* Code, section 273. provides that judgments of a superior court may be made liens on real estate in the county in which the court is held ' by filing transcripts of the same in the district court, as provided in this Code in relation to judgments of justices of the peace, and with equal effect. and from the time of such filing they shall be treated in all respects, as to the effect and mode of enforcement,

as judgments rendered in the district court as of that date, and no execution can thereafter be issued from the said superior court on such judgments, and no real property shall be levied on or sold on process issued out of the superior court." The statutes provide that, when a transcript of a judgment of a justice of the peace is thus filed, "it shall be treated in all respects and in its enforcement as a judgment obtained in the district court. No execution shall issue from the justice's court after the filing of such transcripts." *Held* that, when a transcript of a superior court's judgment is filed in the district court, the superior court cannot retain jurisdiction of one whom it has appointed to collect notes on which it has decreed a lien, and to hold them and their proceeds subject to its order, nor of the property in his possession. And the district court has power to order such person to turn over the notes and proceeds by him received, to the judgment creditor.

**Supersedeas.** Where a decree provides that "defendants have thirty days to file a supersedeas, and in the meantime no execution to issue," filing the bond within that time does not prevent the enforcement of the decree after expiration of said time unless an appeal be taken in that time.

**Appealable Order.** A decree established an attorney's lien on notes, and provided that plaintiff might accept them at par in payment of the decree. Before all had been credited on the decree, the parties agreed that the court might appoint the clerk as their agent to collect the notes, and to hold them and their proceeds subject to its order. *Held*, that an order on the clerk to turn over the notes and proceeds to plaintiff was appealable.

**Certiorari.** Under Code, section 4154, providing that *certiorari* may issue only when "there is no other plain, speedy and adequate remedy," the writ cannot be granted when the error can be corrected on appeal.

FRIDAY, DECEMBER 16, 1898.

CERTIORARI proceeding to review an order made by the Lee district court. Petition *dismissed.*

*A. J. McCrary* and *John E. Craig* for petitioners.

*I. N. Waggoner* and *James C. Davis* for respondent.

ROBINSON, J.—I. On the twenty-fourth day of December, 1897, the superior court of the city of Keokuk rendered a decree in favor of James H. Anderson, and against David K. Oyster and others, for the sum of ten thousand two hundred and seventy-two dollars and sixty-five cents, and foreclosing

an attorney's lien in favor of Anderson on certain promissory notes. The decree provided that Anderson might receive the notes at par, and credit the amount thereof as payment on the decree, and that in such case the ownership of the notes and the rights incident thereto should vest in him. The decree also contained the following: "Defendants have thirty days to file supersedeas bond, and in meantime no execution to issue." On the twenty-second day of January, 1898, a supersedeas bond in the sum of twelve thousand five hundred dollars was filed, but no notice of appeal was served until the following April. On the fourth day of February, Anderson made, in the judgment docket of the superior court, an entry which recited, in substance, that in pursuance of the decree, and under section 4035 of the Code, he accepted certain specified notes, which were described in the decree, to the amount of six thousand dollars, and acknowledged the payment of that sum on the decree. Four days later a similar credit was given for other notes to the amount of three thousand five hundred and five dollars and forty cents, leaving a balance unpaid of eight hundred and forty-two dollars. On the day before the last credit was given the parties to the action entered into an agreement by which one Lofton, clerk of the court, was constituted the agent of the parties to collect the notes the receipt of which Anderson acknowledged as stated, and on the same day the appointment so made was confirmed by the superior court, and Lofton was required to give bond in the sum of twelve thousand dollars. He gave the bond required on the ninth day of February, and Anderson delivered to him the notes, together with the mortgages given to secure them. On the second day of April, 1898, Anderson caused a transcript of the decree to be filed in the district court of Lee county, at Keokuk, and on the same day filed in that court a motion for an order upon Lofton to turn over to him the notes and proceeds of notes which he had received as agent. Notice of the motion was given, and Lofton filed a report of what he had done as agent, showing

that he held, subject to the order of the court, six thousand seven hundred and forty-two dollars and certain uncollected notes.    Oyster and other defendants resisted the motion, but on the twenty-first day of April, 1898, the district court found that, when the notes were turned over to Lofton, they were the property of Anderson, by virtue of the decree and his election under it, and the crediting of the amount thereof on the decree, and the motion was sustained.

The petitioners claim that the district court lacked jurisdiction to make the order last mentioned, for the reason that the cause in which it was rendered was heard and determined in the superior court, and it is insisted that the order could have been legally made by that court alone.

Section 273 of the Code provides that judgments of a superior court may be made liens upon real estate in the county in which the court is held "by filing transcripts of the same in the district court, as provided in this Code in relation to judgments of justice of the peace, and with equal effect, and from the time of such filing they shall be treated in all respects as to their effect and mode of enforcement as judgments rendered in the district court as of that date, and no execution can thereafter be issued from the said superior court on such judgments, and no real property shall be levied on or sold on process issued out of the superior court."    The effect of filing a transcript in the district court under these provisions is not merely to create a lien on real estate.    The filing has "equal effect" with the filing in the same court of transcripts of judgments of justices of the peace.    The statutes provide that, when the transcript of such a judgment is so filed and the proper entry is made, "it shall be treated in all respects and in its enforcement as a judgment obtained in the district court. No execution shall issue from the justice's court after the filing of such transcript."    It is plain that, under the provisions quoted, all proceedings for the enforcement of the judgment of a superior court, a transcript of which has been properly filed in the district court, must be had in the district

court. But it is said that Lofton was virtually a receiver appointed by the superior court; that he had possession of personal property of which the superior court had jurisdiction; and that, by the law which applies in such cases, that court retained jurisdiction of both the receiver and the property which he held. Such a conclusion is contrary to the explicit requirement of the statute, that from the filing of the transcript the judgment shall be treated "in all respects," as to its effect and mode of enforcement, as a judgment of the district court. The appointment of Lofton had direct reference to the enforcement of the decree. He was required to take charge of the notes upon which the lien of Anderson was established, to collect them, and to hold them and their proceeds subject to the order of the court. The transfer to the district court of the power to enforce the decree necessarily carried with it jurisdiction of the property held by virtue of the decree, to be applied in its payment should it not be reversed. See *Ex parte Haley,* 99 Mo. 150 (12 S. W. Rep. 667); *Hinckley v. Railroad Co.,* 100 U. S. 153.

It should be remembered, in this connection, that when the transcript was filed in the district court an appeal from the decree had not been taken. The notice of appeal does not appear to have been served until April 9, 1898. It is true that the decree provided that the defendants might file a supersedeas bond within thirty days, and that during that time execution should not issue; but the right to file the supersedeas bond was statutory, and the only effect of the order was to prevent the issuing of an execution for thirty days. The filing of the bond within that time did not prevent the enforcement of the decree by any lawful means, after that time had expired. *Pratt v. Stage Co.,* 26 Iowa, 241. Therefore the filing of the transcript in the district court was effectual to confer upon that court jurisdiction to enforce the decree, and of the property held by virtue of it. That court had jurisdiction to determine the motion in question, and if it erred in sustaining it, and thus requiring Lofton

to deliver to Anderson the money and notes which he held by virtue of his agency, the error could have been corrected by an appeal from the order.

Section 4154 of the Code authorizes the issuing of a writ of *certiorari* in specified cases, when "there is no other plain, speedy, and adequate remedy," and it is well settled that the writ cannot be properly granted when the error complained of can be fully and speedily corrected by an appeal. *State v. Schmidtz,* 65 Iowa, 556, and cases therein cited; *Ransom v. Cummins,* 66 Iowa, 137; *Remey v. Board,* 80 Iowa, 470.

The conclusion we reach makes it unnecessary to consider some of the questions presented in argument. For the reason that the petitioners had another remedy which was plain, speedy, and adequate, their petition is DISMISSED.