THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Complainant, v. S. M. WEAVER, Judge.

**Appeal to District Court:**    FICTITIOUS COUNTERCLAIM.   A district court is not bound to take jurisdiction of a case appealed from justice's court, where it clearly appears that a counterclaim pleaded below was fictitious, and made solely for the purpose of avoiding the effect of the statutory provision, restricting the right of appeal to cases involving over $25.

WEDNESDAY, OCTOBER 10, 1900.

CERTIORARI to district court, Boone county.

SUIT was brought against the Chicago & Northwestern Railway Company before a justice of the peace for the recovery of $15, the alleged value of a horse it was claimed the company had killed.   The company filed a counterclaim, in which it claimed $30 for removing the carcass of the dead horse from the right of way.   A trial before the justice resulted in a verdict and judgment for the plaintiff for the amount claimed, from which the railway company appealed to the district court.   The case was there reached for trial, a jury was impaneled, and the evidence on both sides submitted and closed.   Thereupon the plaintiff filed a motion to dismiss the appeal on the ground that the counterclaim was a sham, and irrelevant, framed and filed for the purpose of deceiving the court and as a fraud thereon, for the purpose of taking an appeal, and that by reason thereof the real amount in controversy did not at any time exceed $15.   This motion was sustained and the appeal dismissed.   The plain-

tiff herein sued out a writ of certiorari to determine the legality of the court's action.—*Dismissed.*

*Hubbard, Dawley & Wheeler* and *E. A. Fordyce* for complainant.

*Whitaker & Dale* for respondent.

SHERWIN, J.—The real point in controversy is whether the counterclaim pleaded in the justice's court required the district court to take jurisdiction of the case upon appeal, and to proceed to hear and determine the same. The counterclaim, after alleging negligence on the part of the plaintiff in permitting the horse to run at large, admits the killing, and further alleges that plaintiff refused to remove the carcass from the right of way, and that the company was obliged to and did remove the same"; and adds, "for which service defendant claims of plaintiff the sum of thirty dollars." The last clause of this pleading amounts to nothing more than a prayer for the sum therein stated, if, indeed, it may be held to amount to that. Nowhere is the amount of defendant's damage alleged. If it be conceded that sufficient is alleged to support a recovery, it could, under this pleading, be nominal only. That the amount in controversy is to be determined by the facts alleged in the pleading, and not by the prayer for judgment, is well settled. *Cooper v. Dillon,* 56 Iowa, 367; *Nash v. Beckman,* 86 Iowa, 249; *Schultz v. Holbrook,* 86 Iowa, 569. While nicety of pleading is not required before a justice of the peace, the pleadings are required to be substantially the same as in the district court. *Glidden v. Higbee,* 31 Iowa, 379. The respondent found as a matter of fact that the counterclaim was a sham, and "filed for the express purpose of avoiding the effect of the statute limiting the right of appeal from a justice's court, and with no intent or purpose to present a claim for trial or adjudication in either court." It will be remembered that this precise question was presented to the

court by the motion to dismiss, and the question was squarely presented whether a court must, as a matter of law, take jurisdiction in a case where it clearly appears that the claim is fictitious and made solely for the purpose of taking an appeal from an inferior court. We must answer this question as did the district judge. The contention that a court must take jurisdiction of a cause brought before it by the allegation of matters which are known to be untrue and fictitious, and which are pleaded for the sole purpose of conferring such jurisdiction, is a bold claim indeed, and one which finds no support in reason or in the administration of justice. It has never been so held by this court. In the case of *Sterner v. Wilson,* 68 Iowa, 714, cited by complainant, the question of good faith was not involved. The court there held, in accordance with the general rule, in substance, that a party should not be blamed for a failure to prove a counterclaim because of the absence of witnesses, strongly indicating that the counterclaim pleaded was made in good faith. Not only is the rule contended for by respondent founded upon the broadest principles of justice, but it is in harmony with sound reason, and with adjudicated cases of the greatest respectability and weight, and we have no hesitancy in adopting it as the rule in this court. 1 Enc. Pl. & Prac. 710; *Burkhardt v. Elgee,* 93 Wis. 29 (66 N. W. Rep. 525, 1137); *Bowman v. Railway Co.,* 115 U. S. 611 (6 Sup. Ct. Rep. 192, 29 L. Ed. 502); *Gorman v. Havird,* 141 U. S. 206 (11 Sup. Ct. Rep. 943, 35 L. Ed. 717). The trial court had the right to determine the questions raised by the motion, its findings were against the good faith of the pleading in question, and this finding must stand. The other questions raised by the respondent we need not determine. The writ is DISMISSED.

GRANGER, C. J., not sitting.