E. C. SPINNEY, Appellant, v. GRANT CHAPMAN, *et al.*, Appellees, AND E. C. SPINNEY, Appellant, v. JOHN J. MURPHY, *et al.*, Appellees.

**Building and Loan Association:** INSOLVENCY: RIGHTS OF BOR-
1  ROWING MEMBER.   Where a foreign building and loan association has become insolvent and the evidence of indebtedness has been assigned to a stranger, without recourse, the rights of the member will be determined by the law of his domicile, where no place of payment is stipulated and the local treasurer being designated in the application as the person to whom loan payments should be made, notwithstanding a by-law required payments to be made at the home office and that the loan was approved and money sent from that office.

**Liability of Borrowing Member:**   COMPUTATION OF AMOUNT DUE.
2  Where a foreign building and loan association has passed into the hands of a receiver, its affairs are no longer governed by its by-laws, and the liability of a borrowing member will be determined by the law of this state, and he will be entitled to have credited upon his loan the interest paid, and the premiums as of the time paid and the actual value of the shares of stock, and is chargeable with the balance due at six per cent. interest from the date of the  appointment of a receiver.

*Appeal from Guthrie District Court.*—HON. A. W. WILKINSON, Judge.

MONDAY, JUNE, 1, 1903.

THE actions above entitled were separately brought, but, as the same questions of law and substantially the same questions of fact are involved in each, they were tried together in the court below, and are submitted together in this court. Each is an action upon a non-negotiable bond, and to foreclose a real estate mortgage given to secure the same.   The defendants in each case pleaded usury and payment in full.   There was a decree in each case in favor of defendants, and the plaintiff appeals.— *Reversed.*

*Dudley & Coffin* for appellant.

*E. R. Sayles* and *T. H. Chapman* for appellees.

BISHOP, C. J.—The defendants Chapman and Murphy are, and at all times in question were, shareholders in the Interstate Building & Loan Association, organized and existing under the laws of the state of Illinois, and having its principal place of business at Bloomington, in that state. Each of said defendants has at all times resided in Guthrie county, this state. During the year 1892 said defendants each obtained a loan in the sum of $500 from said association, in evidence of which they executed and delivered the respective bonds upon which these actions are brought. By the terms thereof, the bonds are made payable in monthly installments as follows: $3.00 as dues on stock; $2.50 as monthly interest, and $2.92 as monthly premiums; all such payments to continue until the principal sum, with interest and premiums, shall have become liquidated by the shares of stock held by defendants having matured or reached their par value in accordance with the provisions of the charter and by-laws of said association. At the time of the execution and delivery of such bonds, and as security therefor, the defendants pledged their respective shares of stock, and executed and delivered the respective mortgages in suit; each of such mortgages covering a separate tract of land in Guthrie county. It is conceded that both Chapman and Murphy continued to make their payments until June 6, 1898, when the said association, having become insolvent, was taken in charge by a receiver appointed therefor under proceedings brought for that purpose in the courts of the state of Illinois. On November 7, 1898, the receiver, having obtained authority from the court by which he was appointed, sold and transferred the bonds and securities in question to this plaintiff, E. C. Spinney.

The defense of usury, as made in each of the cases, was predicated upon substantially the same grounds relied upon in the case of *Tootle v. Singer*, 118 Iowa, 533, a petition for rehearing in which case was overruled at the January, 1903, term of this court. In that case it was said that section 1898 of the Code, as amended by chapter 48, Acts 27th General Assembly applies to foreign as well as domestic building and loan associations. As to the question of usury, therefore, the instant cases may be disposed of by simple reference to our holding in the case referred to.

With the defense of usury thus disposed of, it is clear —and, indeed, this is not disputed—that the loans have not been paid in full. What are the amounts for which

1. RIGHTS of borrowing member: insolvency.

defendants are entitled to credit is a matter of, and must be determined by, computation. Whether such computation shall be made according to the rules adopted in this state, or according to the rules in force in the state of Illinois, is the remaining matter of contention between the parties. On behalf of plaintiff it is contended that these are Illinois contracts, and that they should be construed and enforced as such. On the other hand, the defendants make the contention that such are Iowa contracts, and should be governed by the laws of this state. The contention of plaintiff is based particularly upon the provisions of a by-law of the association introduced in evidence, and which provides that all payments shall be made and contracts performed at the home office of the association, at Bloomington, in the state of Illinois. Reliance is also placed upon the fact that the applications for loans were sent to and approved at the home office of the association, at Bloomington, and the moneys representing the loans were forwarded from such home office to the respective applicants. On behalf of the defendants it is pointed out that the bonds are not, in terms, made payable at any particular place; that the

execution of all papers by defendants took place in Guthrie
county, this state, and that upon the written application
for the loan made by each of the defendants there was in-
dorsed a special provision designating the local treasurer
of the association at Bagley, in Guthrie county, as the
person to whom all payments upon the loan might be
made. That a local treasurer was appointed at Bagley, and
that to him all payments were made, and by him receipted
for, are facts conceded in the record.

Taking the situation as a whole, we are disposed to
regard the obligations as now existing against the defend-
ants as performable in Iowa, and that they are therefore
to be construed and enforced according to the laws of this
state. Counsel for appellant presents many very cogent
reasons why the contracts of a building and loan associa-
tion should be construed and enforced according to the law
of the domicile of the association, and cite many author-
ities upon the subject. But as we think, there is no occa-
sion to consider such in the disposition of the cases before
us. While it may be true that the involved character of
building and loan contracts, and the general interests of
the contracting associations, require that such contracts
shall be referable to the law of the domicile of such asso-
ciations, to the end that certainty and uniformity may
result, still it must be manifest that, as applied to the
mere matter of payment of a debt, such doctrine ceases to
have force of application when it is made to appear not
only that the association is no longer a going concern, but
that all interest formerly held by it in the contract has
been transferred over without recourse to a stranger.
When a building and loan association becomes insolvent
and passes into the hands of a receiver, the loan contracts
made by it cease *ipso facto*, and by force of law, to have
many, if not all, the characteristics which differentiated
them from loan contracts in general form and use. Of
necessity, the fact of insolvency works a radical change in

the relation of the parties, and makes impossible of accomplishment the special results featured by the contract as originally made. Accordingly it has been determined that an equitable adjustment of the rights of the parties can be most fairly accomplished by regarding the borrower's obligation as a simple loan, upon which shall be credited payments actually made, not counting stock payments, and the balance, as an entirety, to be a debt at once due and payable. This is not only the law of this state, but it is the rule in the state of Illinois. *Sullivan v. Spaniol*, 78 Ill. App. 126; *Choisser v. Young*, 69 Ill. App. 252; *Hale v. Kline*, 113 Iowa, 523.

Granting, then, that the by-laws of a going concern must be resorted to for the purpose of determining the conditions of performance of all contracts made by it, still

2. LIABILITY of borrowing member: computation of amount due.

it is manifest that such rule cannot be applied where insolvency has intervened, and all the affairs of the association have passed into the hands of a receiver. In the material sense necessary here to be considered, there is then no longer any association, there are no by-laws, and there is no home office. So if it be conceded that had the association continued in its operation, and retained its ability to perform upon its part, the contracts of these defendants would have been performable in the state of Illinois, because of the by-law provision, and notwithstanding the stipulation in the loan applications, still we are called upon to take note of the new, or, rather, changed, obligation which the law supplies when insolvency intervenes, and determine what are the rights of the parties in view of the change which has taken place. Undoubtedly the debtor is, so to speak, the innocent party, and the law ought to, and will, favor him where it can. It will take away from him no more of the abstract rights for which he stipulated than may be strictly necessary to protect the individual rights of all the other shareholders, and accomplish a winding up

of the affairs of the association. Called upon to perform his new or modified obligation, we see no reason why he should not be permitted to urge in our courts, through the medium of which enforcement is sought, that the place of performance is in this state, and that his right to here pay his debt be conceded to him, and the measure of his liability fixed as provided for by the rules here in force. While no case has been called to our attention, presenting the precise state of facts found in this record, still the conclusion we have reached finds support in principle, at least, in the following authorities: *Knutson v. Ass'n.*, 67 Minn., 201 (69 N. W. Rep. 889, 64 Am. St. Rep. 410); *Falls v. Ass'n*, 97 Ala. 417 (13 South. Rep. 25, 24 L. R. A. 174, 38 Am. St. Rep. 194); *Washington etc., Ass'n v. Stanley*, 38 Or. 319 (63 Pac. Rep. 489, 58 L. R. A. 816, 84 Am. St. Rep. 793); *Rowland v. Ass'n*, 115 N. C. 825 (18 S. E. Rep. 965); *Meroney v. Ass'n*, 116 N. C. 882 (21 S. E. Rep. 924, 47 Am. St. Rep. 841); Story on Conflict of Laws, section 296; 4 Am. & Eng. Ency. (2d Ed.) 1072.

Accordingly we are disposed to hold that the rights of these parties are solvable under the rules adopted in this state; and, so holding, we have need only to add that defendants are entitled to have credited upon their respective loans the interest as paid, and the amount of the premiums paid as of the time paid. Upon the balance, computing from the time when the receiver was appointed, the defendants are chargeable with interest at the rate of six per cent. per annum. They are also entitled to credit for the actual value, as such may be ascertained, of the shares of stock held by them. *Hale v. Kline*, 113 Iowa, 523; *Spinney v. Miller*, 114 Iowa, 210. As we have no sufficient data upon which to make computations, the causes will be remanded to the district court for that purpose, and where such further proceedings may be had as provided for by law.—REVERSED and REMANDED.