# SMITH *v.* GREENHOW.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF VIRGINIA.

Submitted November 19th, 1883.—Decided January 7th, 1884.

*Constitutional Law—Jurisdiction.*

The declaration contained a count in trespass for entering the plaintiff's premises and carrying away his goods. The plea set up that the goods were lawfully taken by the defendant as collector, to satisfy a tax due the State of Virginia ; the replication averred that the plaintiff before the levy, under authority of a law of that State enacted in 1879, tendered the defendant in payment of the taxes coupons cut from bonds of the State ; the rejoinder set up a subsequent law of the State forbidding him to receive in payment of taxes anything but gold, silver, United States treasury notes or national bank currency : to this rejoinder the plaintiff demurred: *Held*, That this raised a federal question sufficiently to lay the foundation for removing the cause from a State court to the Circuit Court of the United States.

*Mr. William L. Royal* and *Mr. Wager Swayne* for plaintiff in error.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

A writ of summons was issued out of the Circuit Court of the City of Richmond by the plaintiff in error, who was plaintiff below, against the defendant, on May 2d, 1883, service of which was acknowledged by the defendant on the same day. The writ was returnable on the first Monday in May, which was the seventh day. On that day the plaintiff filed his declaration in trespass *vi et armis,* for entering upon the premises of the plaintiff, and taking and carrying away his personal property, consisting of one table and one book-case, with the books therein, of the value of $100, and for remaining on the premises of the plaintiff for a long time, whereby the plaintiff was greatly disturbed and annoyed in the peaceable possession thereof, being his place of business, and hindered and prevented from carrying on and transacting his lawful and necessary affairs and business, and for other wrongs and injuries, laying the damage therefor at $6,000. To this declaration the defendant filed a plea in bar, justifying the alleged trespasses, by

setting out that the defendant, as treasurer of the city of Richmond, levied upon the personal property mentioned, in order to sell the same, in satisfaction of certain taxes then due and owing from the plaintiff to the State of Virginia, as by law it was his duty to do. To this plea the plaintiff filed a replication, alleging a previous tender, in payment of said taxes, of coupons cut from bonds issued by the State of Virginia, under the authority of an act of the general assembly of that State, approved March 28th, 1879, said coupons being by that law receivable in payment of said taxes; which, however, the defendant refused to accept in payment thereof. To this replication the defendant rejoined that, by the act of the general assembly of the State of Virginia, of January 26th, 1882, he was forbidden to receive the said coupons tendered in payment of said taxes; and to that rejoinder the plaintiff demurred. All these various pleadings, including the declaration, were filed on the same day, and on that day the plaintiff also filed his petition praying for the removal of the suit to the Circuit Court of the United States for the Eastern District of Virginia, on the ground that it arose under the Constitution of the United States, which was accordingly done. The cause was docketed in the circuit court, and on September 4th, 1883, it was, on motion of the defendant, remanded to the Circuit Court of the City of Richmond. To reverse the order of the Circuit Court of the United States remanding the cause to the State court, this writ of error is prosecuted.

The ground on which the order of the court below, remanding the cause, was placed, seems to have been that no federal question, such as is necessary to confer jurisdiction in the case upon the courts of the United States, appears to be necessarily involved in the issue raised by the pleadings. In this we think the court erred. The replication alleges that the coupons tendered contained an express promise, as required by law, of the State of Virginia, that they should be received in payment of all taxes due to the State. The rejoinder is that the act of January 26th, 1882, subsequently passed, expressly forbids the defendant from receiving such coupons in payment of taxes. The demurrer in effect denies the validity of that law, and upon

the record no ground of its invalidity can be inferred, except that it is avoided by the operation of that provision of the Constitution of the United States which forbids any State from passing laws which impair the obligation of contracts. It therefore sufficiently appears upon the record, that the plaintiff's case arises under the Constitution of the United States, within the rule as laid down in *Bridge Proprietors* v. *Hoboken Company*, 1 Wall. 116–142.

There is a ground for remanding the cause suggested by the record, but not sufficiently apparent to justify us in resorting to it to support the action of the circuit court. The value of the property taken is stated in the declaration to be but $100, although the damages for the alleged trespass are laid at $6,000. The petition for removal does not allege the sum or value of the matter in dispute otherwise than by the statement of the amount of the claim for damages. We cannot, of course, assume as a matter of law, that the amount laid, or a less amount, greater than $500, is not recoverable upon the case stated in the declaration, and cannot therefore justify the order remanding the cause, on the ground that the matter in dispute does not exceed the sum or value of $500. But if the circuit court had found, as matter of fact, that the amount of damages stated in the declaration was colorable, and had been laid beyond the amount of a reasonable expectation of recovery, for the purpose of creating a case removable under the act of Congress, so that, in the words of the 5th section of the act of 1875, it appeared that the suit "did not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court," the order remanding it to the State court could have been sustained.

The order of the circuit court remanding the cause to the State court is reversed, and the cause is reinstated in that court, with directions to proceed therein in conformity with law.

*And it is so ordered.*