## STRASBURGER *et al. v.* BEECHER.

*(Circuit Court, D. Montana.* June 30, 1890.)

1. **FEDERAL COURTS—ADMISSION OF NEW STATES—TRANSFERS FROM TERRITORIAL COURTS.**

   Act Cong. Feb. 22, 1889, under which the state of Montana was admitted to the Union, provides that the federal circuit and district courts established by that act shall be the successors of the supreme and district courts of the territory, in respect of all cases then pending in the latter of which the federal courts would have had jurisdiction had they been in existence; but it further provides that no civil action in which the United States is not a party shall be transferred to the federal courts except on the written request of one of the parties, filed in the proper court. *Held,* that the provisions of the general statute regulating the removal of causes from state to federal courts have no application to transfers made under this statute.

2. **SAME—APPLICATION FOR TRANSFER—WAIVER.**

   The filing of a stipulation for a continuance in the state court after the admission of the state is not a waiver of the parties' right to transfer the cause to the federal court, under this statute.

3. **SAME—GRANTING TRANSFER—DISQUALIFICATION OF JUDGE.**

   The fact that the judge of the state court had been an attorney of record in the cause would not disqualify him from entertaining the application for a transfer to the federal court, contemplated by the statute, as he is not called on to exercise any judicial function in regard thereto, and his order for the transfer is merely formal.

4. **SAME—NOTICE TO ADVERSE PARTY.**

   The adverse party is not entitled to notice of such application for transfer to the federal court, as there is nothing in the statute requiring it.

5. **SAME—CITIZENSHIP.**

   An allegation in the petition for the transfer that plaintiff was at the institution of the suit a citizen of "the state of Montana," and defendant a citizen of Minnesota, does not show jurisdiction in the federal court, as contemplated by the statute; for when the suit was instituted Montana was a territory, and jurisdiction on the ground of citizenship does not arise where one party is a citizen of a state and the other of a territory.

6. **SAME—JURISDICTIONAL AMOUNT.**

   An allegation that the property in dispute, which is mining property, is worth more than $5,000 at the date of the application, is not 'sufficient to show that the value at the time of bringing suit was within the jurisdiction of the federal courts, as required by the statute.

At Law. On motion to remand from the circuit court of the United States to the state court.

*Luce & Luce,* for plaintiffs.

*F. P. Sterling* and *J. A. Savage,* for defendant.

KNOWLES, J. The above suit is one at equity, instituted in one of the district courts for the territory of Montana, to determine the right to the possession of a lode mining claim, and as to who has the right to a patent to the same from the United States. Plaintiffs instituted their suit in the territorial district court in Park county, Mont., on the 14th day of May, 1887. The defendant subsequently answered to the merits of plaintiffs' complaint. The parties entered into several stipulations for continuances of the cause from term to term. The last one was on the 29th day of December, 1890, and, as it will be seen, after Montana became a state in the Union. On the 5th day of February, 1890, defendant filed his petition in said district court for said Park county, duly verified, asking to have the cause removed to the United States circuit

court for the district of Montana. In this petition it is set forth that the value of the property in dispute exceeds $5,000, and that the plaintiffs were at the time the action was commenced, and still are, citizens of the state of Montana, and that defendant was at such date, and still is, a citizen of the state of Minnesota. To the hearing or granting of this petition plaintiffs file their protest, and state that the said district court should not hear the same, for the reason that the judge thereof, FRANK HENRY, had been an attorney of record in said cause before he was elected judge; that the cause had been continued by a stipulation, signed by both attorneys for plaintiffs and defendant, over the January term of said court; and because no notice of the said motion or petition had been served on the attorneys for plaintiffs. Notwithstanding this protest, the judge ordered the cause transferred to this court.

The plaintiffs now come into this court, and move to remand the cause to the district court upon about the same grounds set forth in their protest, with the additional grounds that defendant filed no bond, as required by law in the removal of a cause from a state to a circuit court, and that he has entered no copy of the record of the suit in the said circuit court. The consideration of this motion to remand presents some questions of importance, which have not as yet been considered under the statute of the United States applicable to the transfer of causes which were pending in the courts of the territory at the date of Montana's admission into the Union, to the United States courts. Section 23 of "An act to provide for the division of Dakota into two states, and to enable the people of North Dakota, South Dakota, Montana, and Washington to form constitutions and state governments, and to be admitted into the Union on equal footing with the original states, and to make donations of public lands to such states," approved February 22, 1889, provides as follows:

"That in respect to all cases, proceedings, and matters now pending in the supreme or district courts of either of the territories mentioned in this act at the time of the admission into the Union of either of the states mentioned in this act, and arising within the limits of any such state, whereof the circuit or district courts by this act established might have had jurisdiction, under the laws of the United States, had such courts existed at the time of the commencement of such cases, the said circuit and district courts, respectively, shall be the successors of said supreme and district courts of said territory, and, in respect to all other cases, proceedings, and matters pending in the supreme or district courts of any of the territories mentioned in this act at the time of the admission of such territories into the Union, arising within the limits of such proposed state, the courts established by such state shall be the successors of said supreme and district territorial courts; and all the files, records, indictments, and proceedings relating to any such cases shall be transferred to such circuit, district, and state courts, respectively, and the same shall be proceeded with therein in due course of law; but no writ, action, indictment, cause, or proceedings now pending, or that prior to the admission of any of the states mentioned in this act shall be pending, in any territorial court in any of the territories mentioned in this act, shall abate by the admission of any such state into the Union, but the same shall be transferred and proceeded with in the proper United States circuit, district, or state court, as the case may be: provided, however, that in all civil actions, causes, and pro-

ceedings in which the United States is not a party, transfers shall not be made to the circuit and district courts of the United States, except upon a written request of one of the parties to such action or proceeding, filed in the proper court, and, in the absence of such request, such cases shall be proceeded with in the proper state court."

Congress had the power to provide for the transfer to the courts of the United States of any cause of which such courts might have had jurisdiction, under the constitution of the United States, had they existed at the time of the institution of the same, which were pending in the courts of the territory of Montana. This it sought to do under the above statute, subject to the condition that in civil actions between private parties a written request should be made by one of the parties for a transfer. The general statute of the United States upon the subject of removal of causes from state courts to the United States courts is not the one under which the defendant in this action sought a removal in the above case to this court. The provisions of the general statute, which requires a bond to be filed as one of the conditions of removal, do not apply where a removal is sought under the above statute. Neither have the provisions of the general statute in regard to the time when the application or written request should be made any pertinency under the above statute. It is perhaps true that the request should be made in a reasonable time. But what is a reasonable time? I should say if the application was made at any time before trial in the state court, there could be no objection but that it had been made in season, unless by some unequivocal act the party applying showed he acquiesced in the jurisdiction of the state court. I do not think the signing of a stipulation for a continuance in the state court would be a waiver of the right to appeal to the jurisdiction of the United States courts. The statute does not require that there should be any certified copy of the records in the state courts filed in the circuit court. It contemplates that original papers in the case shall be transferred to the United States court entitled to the jurisdiction thereof. It says: "All the files, records, indictments, and proceedings relating to any such cause shall be transferred to such circuit, district, and state courts, respectively." Undoubtedly, under the statutes of Montana, and also under the general rules of the common law pertaining to such matters, a judge who, previous to his elevation to the bench, was an attorney for one of the parties to an action, cannot act in the trial of such action. This disqualification of the judge does not preclude him from making such preliminary orders as are merely formal, and tend only to prepare the case for trial, and he may perform what are merely ministerial acts. *Moses* v. *Julian*, 84 Amer. Dec. 114, and note to same, 131.

The action of Judge HENRY in transferring this cause to the circuit court cannot be classed as an act prohibited either by the statute of Montana or the common-law rule in such cases. It is urged that he was called upon to perform the judicial function of determining whether the petition for a transfer of the cause was sufficient. This is not true. If the cause was one of which the circuit court might have had jurisdiction

at the time the suit was commenced, had it existed, then the petition, which must be classed as a written request, for the transfer of the cause from the state to the circuit court, would, of its own force, transfer the cause, and oust the state court of jurisdiction in the case. The court over which Judge HENRY presided could not determine as to whether the circuit court received jurisdiction or not upon the filing of the petition. That duty devolved upon the circuit court, and the state court would be bound by its determination in the matter. It may be true it might inspect the petition or written request, and determine, as far as the jurisdiction of his own court, as to whether it was ousted, subject to the power in the circuit court to finally settle the question by assuming or refusing jurisdiction. The point involved in considering the statute upon the transfer of causes from the state to the circuit court or district court of the United States has been determined in interpreting the analogous statute upon the subject of removals from a state court to the circuit court of the United States.

In the case of *Kern* v. *Huidekoper*, 103 U. S. 490, the supreme court of the United States uses this language:

"If the cause is removable, and the statute for its removal has been complied with, no order of the state court for its removal is necessary to confer jurisdiction in the court of the United States, and no refusal of such order can prevent that jurisdiction from attaching."

In the case of *Railway Co.* v. *Dunn*, 122 U. S. 513, 7 Sup. Ct. Rep. 1262, the supreme court held that it is a question for the circuit court in such cases to determine whether it has jurisdiction or not, and that its determination is binding on the state court until reversed. Judge Dillon, in his work on Removal of Causes, (5th Ed. § 147,) says:

"Upon the filing of the petition and bond required by statute, the suit being removable, the jurisdiction of the state court absolutely ceases, and that of the circuit court immediately attaches in advance of the filing in the latter of the transcript from the former."

In section 143, Id., the same rule is expressed in this language:

"If the record discloses a removable cause, and the other conditions have been complied with, the jurisdiction of the state court ceases and that of the federal court attaches without any further proceedings, and for all subsequent purposes."

In the statute I have been considering there is nothing which gives the state court any power to make any order as to the transfer of a cause. If the cause is one of which the circuit court would have had jurisdiction at the time it was instituted, had it existed, the filing of the proper written request would transfer it to this court without any action on the part of the court over which Judge HENRY presided. It cannot be said, then, that any action on the part of that court has anything to do with the determination of the jurisdiction of this court. The order thereof did not give this court jurisdiction. The disability under which the judge thereof rested has nothing to do with the jurisdiction of this court. Hence the objection that the judge in the state court was disqualified from acting in this case has no force in this case in this court.

Concerning the proposition maintained by plaintiffs, that they should have had notice of the application of defendant for a transfer of the cause, I would say there is nothing in the statute which requires this. Again I would refer to the ruling upon the analogous statute for the removal of causes from the state to the United States courts. In the case of *Fisk* v. *Railroad Co.*, 8 Blatchf. 247, Justice NELSON says:

"The learned counsel for the plaintiff seems to suppose that the solicitor is entitled to notice of the time and place of the presenting of the petition. But this is an error. The act provides no such practice, and it is otherwise under all the previous statutes providing for removals."

As no order is required of the state court for the transfer of a cause, and as its action in the matter does not affect the transfer in any way, there can be no object in requiring a notice of the application or written request for the transfer. There can be no hearing upon this request.

This brings me to the consideration of the important point as to whether this is a case of which the circuit court would have had jurisdiction had it existed when the suit was commenced. The petition alleges that at the time this suit was instituted plaintiffs all were, and still are, citizens of the state of Montana, and that defendant was, and still is, a citizen of the state of Minnesota. A court is not obliged to believe an impossibility, even if presented to it in a sworn petition. This suit was instituted, according to the files in the case, on the 14th day of May, 1887. At that time Montana was not one of the states in the national Union. It was a territory of the United States. It has been repeatedly held that, when the jurisdiction of a United States court depends upon the fact of citizenship, the fact that one of the parties is a citizen of a state, and the other of a territory, will not give such courts jurisdiction. *Corporation of New Orleans* v. *Winter*, 1 Wheat. 91; *Barney* v. *Baltimore City*, 6 Wall. 287. If the plaintiffs resided within what are now the boundaries of the state of Montana when this suit was commenced, they were, properly speaking, perhaps, citizens of the United States residing in the territory of Montana. If they were citizens of any state, it does not appear. Certain it is they were not then citizens of the state of Montana. This court has acquired no jurisdiction by reason of the citizenship of the parties at the time the suit was commenced. As to whether this court would have jurisdiction of this cause by reason of the present citizenship of the parties, I am not called upon to decide. It may be that enough is stated in the petition, as far as citizenship is concerned, to warrant a removal under the general statute providing for the removal of causes from the state to the United States courts. Whether that statute applies, I am not now prepared to say. But the defendant has not filed in this case the bond required under that statute as a condition of removal, and the request for removal was evidently not based upon that statute. As to this suit, I am clearly of the opinion that it is one which arises under the laws of the United States. It is a suit instituted in pursuance to the provisions of section 2326 of the Revised Statutes of the United States. See *Frank G. & S. M. Co.* v. *Larim M. & S. Co.*, 8 Fed. Rep. 724. One of the objects of such an action is

to determine who is entitled to a patent to the premises in dispute. The judgment is filed in the United States land-office on the determination of the action. To some extent the United States is a party to the action. See *Jackson* v. *Roby*, 109 U. S. 440, 3 Sup. Ct. Rep. 301. This decision must be based upon the theory, it appears to me, that the action, pursuant to an adverse claim, has for one of its objects the determination as to whether either party has divested the United States of the possessory title to the premises in dispute. The case of *Trafton* v. *Nougues*, 4 Sawy. 178, is not in point. That was not an action in pursuance to the provisions of section 2326, Rev. St. U. S. There is, however, a more serious objection to the jurisdiction of this court presented. In a case such as this, the amount involved must exceed $500, and perhaps $2,000. The petition states that the property in dispute is worth over $5,000. This must be taken as an estimate of the value of the property at the date of the verification of the petition, and not at the date when the suit was commenced.

It should appear in the record somewhere that the value of the property in controversy was sufficient to give the circuit court jurisdiction at the time suit was instituted. At the time the suit was instituted, the circuit court had jurisdiction of causes in which the amount in controversy exceeded $500. Whether the circuit court can now take jurisdiction unless the property exceeds in value the $2,000, in cases like this coming from a territorial court, it is not necessary to determine. But it must be decided whether, at the time this suit was commenced, the circuit court of the United States for the district of Montana would, had it been in existence, have had jurisdiction of this cause. That it would have had such jurisdiction must appear affirmatively in the record. In the case of *Water Co.* v. *Keyes*, 96 U. S. 199, the supreme court, speaking through Chief Justice WAITE, says:

"It is well settled that in the courts of the United States the special facts necessary for jurisdiction must in some form appear in the record of every suit, and that the right of removal from the state court to the United States courts is statutory. A suit commenced in a state court must remain there until cause is shown, under some act of congress, for its transfer. The record of the state court, which includes the petition for removal, should be in such a condition when the removal takes place as to show jurisdiction in the court in which it goes. If it is not, and the omission is not afterwards supplied, the suit must be remanded."

The above remarks are applicable to this case. The fact that the property in dispute may be worth over $5,000 on the 4th day of February, 1890, would not show that the property was worth that amount in 1887, when the action was commenced. The value of mining property fluctuates as much or more than any other kind of property. Hence the statement in the petition of the value of the property in dispute is not sufficient to show that this court, had it existed at the time the suit was commenced, would have had jurisdiction of this cause. For this reason, this cause must be remanded to the state court, and it is so ordered.