## GORMAN *v.* HAVIRD.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF IDAHO.

No. 1296.    Submitted March 23, 1891. — Decided May 25, 1891.

Although it is true as a general rule that where judgment goes for the defendant, the amount of the plaintiff's claim is the test of jurisdiction, this rule is subject to the qualification that the demand shall appear to have been made in good faith for such amount; and if it appear clearly from the whole record that under no aspect of the case the plaintiff could recover the full amount of his claim, this court will decline to assume jurisdiction of the case.

THIS was a petition for a mandamus filed in the Supreme Court of the Territory of Idaho by the appellee Havird, who was sheriff *de facto*, and also claimed to be sheriff *de jure*, of Boisé County, to compel the county commissioners to issue warrants upon the treasury for the sum of $5595.47, for his services and expenses as sheriff for the years 1887 and 1888. His claim consisted of a salary fixed by law at the sum of $2798, and of expenses incurred as sheriff in the sum of $2797.-47, making the aggregate of $5595.47. The items of his claim for expenses were $692.25 for boarding prisoners; $1302 for jailor's fees; $595.22 for collecting a license tax; $156.15 for transportation of prisoners; and $51.85 for collecting a Territorial license tax.

The answer of the county commissioners averred in excuse of their non-payment of the claim, that an action in the nature of *quo warranto* had been begun against petitioner, and was still pending in the District Court for the county of Boisé, upon the relation of the appellant John Gorman, to test the title to the office of sheriff, and that under the laws of Idaho, Rev. Stats. § 380, "when the title of the incumbent of any office in this Territory is contested by proceedings instituted in any court for that purpose, no warrant can thereafter be drawn or paid for any part of his salary until such proceedings have been finally determined." By leave of the court, Gorman, the contestant, intervened in the case, claiming to have

been duly elected sheriff, setting forth the pendency of the proceedings in the *quo warranto* case, and demanding that the writ of mandamus be denied.

The suit in reality turned upon the question whether the proceedings in *quo warranto* were still pending, or had been dismissed, and resulted in a judgment that the *quo warranto* case then pending in the District Court should be dismissed, and that a writ of mandamus forthwith issue, directing the defendants, the county commissioners of Boisé County to order the issuing of a warrant for the amount theretofore allowed by the board for the time specified on account of fees and expenses; and that immediately upon the dismissal of the action in *quo warranto* a writ of mandate issue, " commanding said commissioners to order the issuing of a warrant or warrants in the name of plaintiff herein, for the amount due him as salary for the time specified, and that a copy hereof be certified to said District Court." From this judgment Gorman appealed, but the County Commissioners did not. Petitioner thereupon made this motion to dismiss upon the ground that the requisite jurisdictional amount was not involved.

*Mr. John Goode* for the motion.

*Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson*, opposing.

Mr. Justice Brown delivered the opinion of the court.

While the whole amount of Havird's claim was $5595.47 — more than enough to give this court jurisdiction — the sum of $1994.25 was for disbursements in boarding prisoners and in jailor's fees, leaving but $3601.22 as representing the salary, fees and other perquisites of the office. As Havird was sheriff *de facto*, Gorman, even if he had maintained his suit, could not in any case have recovered of him more than the salary and perquisites of the office, less Havird's lawful disbursements, which, under any view which can be taken of this case, would have reduced his recovery below the sum of $5000. In entering its judgment in this case the Supreme Court evidently

had this distinction between disbursements and salary in mind, as the order was that the County Commissioners should issue warrants at once for the amount of fees and expenses, but should not issue warrants for the amount due as salary until after the dismissal of the action of *quo warranto* in the District Court. It was evidently contemplated that Havird should receive the amount of his disbursements in any event, but that the salary should be withheld until the *quo warranto* proceedings had been dismissed. This was also a compliance with the Idaho statute, which inhibited only payment of the salary while the contest was pending.

It is true as a general rule that where judgment goes for the defendant, the amount of the plaintiff's claim is the test of jurisdiction; but this rule is subject to the qualification that the demand shall appear to have been made in good faith for such amount. If it appear clearly from the whole record that under no aspect of the case the plaintiff could recover the full amount of his claim, this court, will decline to assume jurisdiction of the case. If, for instance, a greater amount than $5000 were claimed in the *ad damnum* clause of the declaration, and the bill of particulars showed the actual claim to be less, the latter would determine the jurisdiction. Examples of the distinction between the sum demanded and the sum actually in dispute are frequent in the decisions of this court. *Lee* v. *Watson,* 1 Wall. 337; *Schacker* v. *Hartford Fire Ins. Co.,* 93 U. S. 241; *Gray* v. *Blanchard,* 97 U. S. 564; *Tintsman* v. *National Bank,* 100 U. S. 6; *Hilton* v. *Dickinson,* 108 U. S. 165; *Jenness* v. *Citizens' Bank of Rome,* 110 U. S. 52; *Wabash, St. Louis &c. Railway Co.* v. *Knox,* 110 U. S. 304.

Gauged by the rule laid down in these cases,

*It is clear that we have no jurisdiction, and the motion to dismiss will therefore be granted.*