YELLOW ASTER MIN. & MILL. CO. v. WINCHELL et al.

(Circuit Court, S. D. California. June 12, 1899.)

No. 776.

MINERAL LANDS—SUIT TO ESTABLISH ADVERSE CLAIM—JURISDICTION—AMOUNT INVOLVED.

In a suit brought in a circuit court, under Rev. St. § 2326, by an adverse claimant to establish his right of possession to a mining claim, it is essential that the bill should show the value of the property in controversy to be sufficient to bring the suit within the requirements of the general

statute prescribing the jurisdiction of the court. It is better practice, also, to show affirmatively in the bill whether the ground in controversy is a lode or placer claim.

On Demurrer to Bill.

White & Monroe and J. S. Chapman, for complainant.
Nathan Newby, for defendants.

ROSS, Circuit Judge. The fact that this suit was brought under and by virtue of section 2326 of the Revised Statutes of the United States does not, I think, exempt the complainant from the necessity of showing that the value of the property in controversy is sufficient to bring it within the requirement of the general statute prescribing the jurisdiction of the circuit courts of the United States. Mining Co. v. Rutter, 31 C. C. A. 223, 87 Fed. 801; Chambers v. Harrington, 111 U. S. 350, 4 Sup. Ct. 428; Strasburger v. Beecher, 44 Fed. 213; Burke v. Concentrating Co., 46 Fed. 644. Whether necessary or not, I think it is also better, in order to save any question in regard to the matter, that the bill show affirmatively, and not by inference only, whether the ground in controversy between the parties is a lode or placer claim. An order will be entered sustaining the demurrer, with leave to the complainant to amend the bill within the usual time, if it shall be so advised.