## BEDFORD QUARRIES CO. v. WELCH et al.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. March 29, 1900.)

JURISDICTION OF FEDERAL COURTS—AMOUNT IN DISPUTE—GOOD FAITH OF CLAIM.
   A plaintiff cannot confer jurisdiction on a federal court of an action on account for the price of goods sold by ignoring in his petition a credit to which the defendant is entitled on the account by agreement of the parties, the right to which is in fact undisputed, and which, if allowed, reduces the amount in controversy below $2,000.[1]

At Law. On demurrer to first division of answer.

Berryhill & Henry and Jameson & Smyth, for plaintiff.
Baker & Ball, for defendants.

SHIRAS, District Judge. In the petition filed in this case the plaintiff company avers that, in pursuance of a contract between the parties, it sold and delivered to the defendants at Iowa City building stone of the value of $2,601.75, no part of which sum has been paid, and judgment for that amount, with interest from December 15, 1898, is asked against the defendants. In the answer filed it is averred that it was verbally agreed between the parties that the defendants should pay the freight on the stone shipped by the plaintiff company as the same should be received by the defendants, and the amounts thus paid should be credited them on the purchase price of the stone; that under this agreement the defendants paid the railway company delivering the stone the sum of $731.16, took receipts therefor, and forwarded the same to the plaintiff company; and that it is therefore apparent that the sum in controversy in the case is less than $2,000, wherefore the court is without jurisdiction. To this portion of the answer a demurrer is interposed to the effect that the amount involved in the controversy is the sum demanded in the petition. In section 5 of the judiciary act of 1875, it is enacted that it is the duty of the circuit court to dismiss a case at any time when it is made to appear that the suit does not really and substantially involve a controversy properly within the jurisdiction of the court. Under this section of the statute, unless the controversy or cause of action declared upon by the plaintiff does in fact exceed in amount the sum of $2,000, exclusive of interest and costs, the court is without jurisdiction. It is not meant by this that a failure on part of the plaintiff to ultimately recover a sum in excess of $2,000 will necessarily defeat the jurisdiction, but if from the facts it is made plain that the plaintiff could not, under any aspect of his case, be entitled to recover that amount, then the provisions of section 5 of the act of 1875 are applicable. Thus, if a plaintiff sues on an account for goods sold, asking judgment for $2,500, and it appears that the total value of the goods sold was the sum of $2,500, but it also appears that the plaintiff has received in payment upon the account the sum of $1,000, leaving due only the sum of $1,500, he cannot confer jurisdiction upon the

[1] Jurisdiction of circuit court, as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75, and Shoe Co. v. Roper, 36 C. C. A. 459.

federal court, by bringing suit for the' full amount of the goods sold, and ignoring the payments by him received. In such a case, the real amount in controversy is the balance remaining unpaid after deducting the undisputed payments' received.

The existence of a defense to the claim sued on, such as the statute of limitations or a claim for damages based upon a failure to furnish the quality of goods ordered or other like matter, will not · defeat the jurisdiction, because in such case the plaintiff will be entitled to recover the amount sued for, unless the defendant succeeds in establishing the defense pleaded. So, also, if, by way of defense to an action for property sold, the defendant pleads payment in whole or in part, and this plea is in good faith contested by plaintiff, jurisdiction would exist, even though upon the trial the plea of payment might be sustained. In the case now before the court it is pleaded in the answer that it was agreed between the parties that the freight charges should be paid by the defendants to the railway company, and for the amount thus paid the defendants should be' credited on the account of plaintiff; that the defendants paid freight charges, in the aggregate sum of $731.16, the receipts showing such payments being forwarded to the plaintiff company before the commencement of this action. The demurrer admits the facts thus pleaded, and, if such are the facts, then it is made to appear that the controversy between the parties does not reach in value the jurisdictional amount. In Gorman v. Havird, 141 U. S. 206, 11 Sup. Ct. 943, 35 L. Ed. 717, the supreme court, in determining whether the amount in controversy was sufficient to confer jurisdiction upon that court, held that:

"It is true, as a general rule, that, where judgment goes for the defendant, the amount of the plaintiff's claim is the test of jurisdiction; but this rule is subject to the qualification that the demand shall appear to have been made in good faith for such amount. If it appear clearly from the whole record that under no aspect of the case the plaintiff could recover the full amount of his claim, this court will decline to assume jurisdiction. If, for instance, a greater amount than $5,000 were claimed in the ad damnum clause of the declaration, and the bill of particulars showed the actual claim to be less, the latter would determine the jurisdiction. Examples of the distinction between the sum demanded and the sum actually in dispute are frequent in the decisions of this court."

In the case at bar, if it be true that the plaintiff company knew, when this action was brought, that the defendants, by paying the freight charges, had become entitled to credits in a sum large enough to reduce the claim of plaintiff below $2,000, would it not then be made clear that the plaintiff company was seeking to invoke the jurisdiction of this court without being entitled so to do?

If the plaintiff company in good faith contests the right of the defendants to the credits claimed, then the jurisdiction could be sustained, but, if in truth the right to the credits exists to the knowledge of plaintiff, then the plaintiff cannot rightfully claim that the controversy in fact includes an amount equal to the jurisdictional requirement. Under these circumstances, the demurrer to the answer must be and is overruled. .