## MAYER v. COHRS.

(Circuit Court, E. D. Washington, E. D.   March 29, 1911.)

### No. 1,489.

1. COURTS (§§ 311, 322, 329*)—FEDERAL COURTS—JURISDICTION—CITIZENSHIP.
    In a suit by a bankrupt's trustee, jurisdiction of the Circuit Court depends on the citizenship of the bankrupt, and not on the citizenship of the trustee, and the requisite diversity of citizenship, as well as the requisite amount or value of the matter in dispute, must appear on the face of the record.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 858, 876-887, 897; Dec. Dig. §§ 311, 322, 329.*
    Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. COURTS (§ 322*)—FEDERAL COURTS—DIVERSITY OF CITIZENSHIP.
    An averment that one of the parties to a suit in the federal court is a "resident" of a certain town and county in another state was not equivalent to an averment that he was a citizen of that state, required to show jurisdiction on the ground of diversity of citizenship.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876-887; Dec. Dig. § 322.*]

3. COURTS (§ 329*) — FEDERAL COURTS — JURISDICTION — AMOUNT IN CONTROVERSY.
    A suit by a bankrupt's trustee in the federal court, alleging that, by reason of defendant's failure to complete a certain contract and by reason of the consequent loss of the value of their bargain, the bankrupts and plaintiff have been damaged in a large sum of money, to wit, the value of certain jewelry and railroad inspection business agreed to be sold and transferred to defendant, the value of which was peculiarly within defendant's knowledge, was insufficient to show that the matter in dispute exceeded the sum or value of $2,000, so as to confer federal jurisdiction.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 897; Dec. Dig. § 329.*
    Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; O. J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

In Equity.  Suit by Joseph Mayer, as trustee of the property of George O. Buhn, Sr., bankrupt, and as trustee of the property of George O. Buhn, Jr., and Edward H. Buhn, doing business as Buhn Bros., bankrupts, against George F. Cohrs.  On demurrer to bill.  Sustained.

McBurney & Cummings and Lester P. Edge, for plaintiff.
E. V. Kuykendall, for defendant.

RUDKIN, District Judge.  This is a bill in equity by the complainant, Mayer, as trustee of George O. Buhn, Sr., a bankrupt, and also as trustee of George O. Buhn, Jr., and Edward H. Buhn, copartners as Buhn Bros., bankrupts, for an accounting.  The bill is based upon or grows out of a certain contract entered into between the copartnership of Buhn Bros. and the defendant, Cohrs, prior to the adjudica-

tions in bankruptcy; the copartnership acting for the firm and as agents for George O. Buhn,.Sr. The defendant has interposed a demurrer to the bill of complaint, on the ground, among others,. that the court has no jurisdiction of the subject-matter of the suit or of the parties thereto.

[1] The demurrer must be sustained. The complainant sues as a trustee in bankruptcy, and in such cases, with certain exceptions not material here, the jurisdiction of the Circuit Court depends upon the citizenship of the bankrupt, and not upon the citizenship of the trustee; and the requisite diversity of citizenship, as well as the requisite amount or value of the matter in dispute, must appear on the face of the record.

[2] The bill under consideration does not aver the citizenship of any of the parties to the suit, nor does it aver the amount or value of the matter in dispute. The averment that George O. Buhn, Sr., is a *resident* of the town of Crookston, county of Polk, state of Minnesota, is not the equivalent of an averment that he is a *citizen* of that state. Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; Grace v. American Central Ins. Co., 109 U. S. 278, 3 Sup. Ct. 207, 27 L. Ed. 932. And the same is true of the averment that the defendant, Cohrs, is a *resident* of Spokane, state of Washington.

[3] The only reference to the sum or value of the matter in dispute is contained in the averments:

"That by reason of the failure, neglect, and refusal of said defendant to complete said contract as aforesaid, and by reason of the consequent loss of the value of their said bargain, said George O. Buhn, Sr., George O. Buhn, Jr., and Edward H. Buhn, plaintiff has been damaged in a large sum of money, to wit, the value of said jewelry and railroad inspection agreed to be sold and transferred as aforesaid."

"That the facts relating to the sale or other disposition of said jewelry and railroad inspection business, and of said goods, wares, and merchandise, and the invoice value of said goods, wares, and merchandise in said store at Pomeroy, and the value of said jewelry business and railroad inspection business at the time set for performing the aforesaid agreement, are peculiarly within the knowledge of the defendant."

And such averments fail to show that the jurisdictional amount is involved. In any event, under the averments of the bill, the bankrupts, George O. Buhn, Jr., and Edward H. Buhn, had a substantial interest in the matter in controversy, and would be necessary parties to the suit, were it not for the adjudications in bankruptcy, and they are both residents of the same state as the defendant.

It not appearing that the matter in dispute exceeds the sum or. value of $2,000, or that the requisite diversity of citizenship exists, this court is without jurisdiction, and the demurrer is sustained.