OPERATORS' PIANO CO. v. FIRST WISCONSIN TRUST CO.

In re HELLER PIANO CO.

(Circuit Court of Appeals, Seventh Circuit. September 26, 1922.)

No. 3020.

1. **Appeal and error ⊚⇒850(2)—Questions of law only presented, in absence of special findings where jury was waived.**

Where a jury was waived, and the court made no special findings, only questions of law are presented on writ of error.

2. **Bankruptcy ⊚⇒288(1)—Defendant in summary proceeding by trustee consents to jurisdiction by failure to object.**

Under Bankruptcy Act, § 23b (Comp. St. § 9607b), requiring the trustee to sue in the court in which the bankrupt might have brought the suit if proceedings in bankruptcy had not been instituted "unless by consent of the proposed defendant," except suits for the recovery of property under sections 60b, 67e, 70e (Comp. St. §§ 9644b, 9651e, 9654e), the defendant in summary proceeding, by his appearance and joinder of issue upon the merits without objection to the jurisdiction of the court, evidences consent.

3. **Bankruptcy ⊚⇒288(1)—Adverse claimant by petitioning for relief in a summary petition opens door to defenses available to trustee in bankruptcy.**

Under Bankruptcy Act, § 23b (Comp. St. § 9607b), requiring the trustee to sue in the court in which the bankrupt might have brought the suit if proceedings in bankruptcy had not been instituted "unless by consent of the proposed defendant," except suits for recovery of property under sections 60b, 67e, 70e (Comp. St. §§ 9644b, 9651e, 9654e), an adverse claimant by petitioning for relief in a summary proceeding opens the door to such defenses as the trustee in bankruptcy possesses, and all such issues and all such defenses, including affirmative claims, may be properly litigated in that summary proceeding.

4. **Bankruptcy ⊚⇒293(4)—Consent of defendant held not to have given district court jurisdiction.**

Bankruptcy Act, § 23b (Comp. St. § 9607b), as to defendant's consent conferring jurisdiction upon bankruptcy court in certain cases, is inapplicable to action in the United States District Court in another district than that in which bankruptcy proceedings were instituted, which action was brought by the trustee in bankruptcy for the value of goods secured from the bankrupt after adjudication, since jurisdiction depending upon consent of defendant under such statute is limited to those actions brought in the District Court sitting in bankruptcy and in bankruptcy proceeding pending in such court.

5. **Courts ⊚⇒328(10)—Amount demanded is amount in controversy, unless merely colorable and beyond reasonable expectation of recovery.**

The sum demanded, and not the sum found to be due or the amount of the verdict, is the amount in controversy for purposes of jurisdiction, unless it clearly appears that the amount demanded is merely colorable and beyond reasonable expectation of recovery.

6. **Courts ⊚⇒328(6)—Allegation of amount of damages held not to have been made in bad faith for purpose of giving federal court jurisdiction.**

In action by trustee in bankruptcy for value of pianos secured by defendant from bankrupt after adjudication, allegation of damages in excess of $300 *held* not to have been made in bad faith, or for the sole purpose of giving the federal court jurisdiction of the cause of action.

7. **Bankruptcy ⊚⇒152—Seller could not obtain possession of goods from buyer after buyer's adjudication as bankrupt.**

Seller which had delivered goods to buyer could not, after buyer was adjudicated a bankrupt, obtain possession of the goods from the bank-

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ᵣupt, though sale of goods had been procured by fraud, but was required either to waive the fraud and insist upon payment, or file petition in bankruptcy court for rescission of contract, and tender back what it had received in the way of payment.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the First Wisconsin Trust Company, trustee of the Heller Piano Company, bankrupt, against the Operators' Piano Company. Judgment for plaintiff, and defendant brings error. Affirmed.

James Rosenthal, of Chicago, Ill., for plaintiff in error.
Samuel B. Hill, of Chicago, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. [1] The parties will be referred to as they appeared in the District Court. Defendant prosecutes this writ of error to review a judgment which plaintiff, the trustee of the bankrupt, obtained against it for the value of seven pianos which defendant secured from the bankrupt after adjudication. A jury was waived, and the court made no special findings. Only certain questions of law are therefore presented. Raymer v. Netherwood, 257 Fed. 284.[1] While insisting that its right to question the sufficiency of the evidence to support the judgment in plaintiff's favor has been preserved, our attention has not been directed to the motions or requests which support this contention. We have, however, considered and will dispose of the two alleged errors covered by the assignments, to wit, (a) jurisdiction, and (b) sufficiency of the evidence to support the judgment.

Asserting that the amount involved does not exceed the sum of $3,000, exclusive of interest and costs, defendant contends that the federal court had no jurisdiction of the cause. Plaintiff, on the other hand asserts (a) that section 23b of the Bankruptcy Act (Comp. St. § 9607) is controlling, and also (b) that its allegation of the amount in controversy (which exceeds $3,000) must be accepted. Section 23b reads:

"Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, *unless by consent of the proposed defendant*, except suits for the recovery of property under section sixty, subdivision b; section sixty-seven, subdivision e; and section seventy, subdivision e."

Courts have frequently passed upon the effect of the clause "unless by consent of the proposed defendant," and construed it as leaving it to the adverse claimant to determine whether he shall try his case in the state or the federal court, except of course in those instances specially mentioned in the section. Such exceptional causes may be tried in the federal court regardless of the consent of the adverse party.

[2] This question of consent arises most frequently perhaps where the trustee or adverse claimant seeks to dispose of a controversy in a summary proceeding. Where the adverse claimant is desirous of securing an early disposition of the controversy, or because of the expense, or for any other reason, desires to settle the matter in a summary proceeding, he is permitted to do so. His appearance and joinder of issue upon the merits, without any challenge of the jurisdiction, evi-

[1] 168 C. C. A. 368.

dences consent. His failure to object in fact constitutes consent. In re Rockford Produce & Sales Co., 275 Fed. 811.

[3] Likewise, where the adverse claimant is himself a petitioner for relief in a summary proceeding, he opens the door to such defenses as the trustee in bankruptcy possesses, and all such issues and all such defenses (including affirmative claims) may be properly litigated in that summary proceeding. For a litigant cannot himself invoke the jurisdiction of the court and the particular form of proceeding (summary as well as plenary) and then object to the disposition of the issues which the respondent (the trustee) may raise either as a defense to his petition or as the basis of a counterclaim. The consent thus given cannot be subsequently withdrawn.

[4] But it is not every issue that may be tried in the United States District Court under section 23b. There is a distinction between the jurisdiction of the bankruptcy court as such and the jurisdiction of the United States District Court in bankruptcy matters. Lovell v. Newman, 227 U. S. 412, 33 Sup. Ct. 375, 57 L. Ed. 577; McEldowney v. Card, 193 Fed. 475; Mayer v. Cohrs, 188 Fed. 443.

The jurisdiction of the bankruptcy court administering the bankrupt estate, that is the United States District Court sitting in bankruptcy, has jurisdiction of certain causes independent of the consent of the defendant. It has also jurisdiction dependent upon the consent of the defendant. It is in reference to this latter jurisdiction that the foregoing observations were made. The jurisdiction independent of the consent of the defendant includes the exceptions in 23b, that is 60b, 67e, and 70e (Comp. St. §§ 9644b, 9651e, 9654e); or in other words, cases where the trustee is attempting (a) to set aside a preference, (b) to set aside a fraudulent transfer made within four months preceding the bankruptcy, and (c) to set aside any transfer that a creditor might have set aside.

Jurisdiction dependent upon consent of the defendant is limited to those actions brought in the District Court sitting in bankruptcy and in a bankruptcy proceeding pending in such court. Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; In re Blake, 150 Fed. 279, 80 C. C. A. 167; Lovell v. Newman, supra.

In the present case, the jurisdiction of the court is that of the United States District Court, and not of the bankruptcy court. In other words, the bankruptcy proceedings were instituted in the United States District Court for the Eastern Division of Wisconsin, whereas the present action was brought in the United States District Court for the Northern District of Illinois.

Keeping in mind the above distinction, the jurisdiction of the lower court in this action must be determined, not by defendant's consent, but by the test that would have been applied if bankruptcy had not intervened. In other words, the parties must be citizens of different states, and the amount in controversy exceed $3,000. In other words, unless we are satisfied that the amount in controversy exceeds $3,000, exclusive of costs and interest, the defendant's objection to the jurisdiction must prevail.

[5] Examining the declaration, we find that plaintiff has charged damages in the sum of $9,000. Unless it clearly appears that this sum is merely colorable and beyond reasonable expectation of recovery, it

must be accepted.   Foster on Federal Practice (5th Ed.) p. 28; Smith v. Greenhow, 109 U. S. 669, 3 Sup. Ct. 421, 27 L. Ed. 1080; Gorman v. Havird, 141 U. S. 206, 11 Sup. Ct. 943, 35 L. Ed. 717.

The parties agree that the measure of damages in a case brought to recover damages for conversion of goods is the value of the goods so converted at the date of conversion, plus interest from such date until the hearing.   Likewise, no serious dispute between parties exists over the right to include the interest, which in actions of this kind is properly treated as part of the damages.   Foster on Federal Practice, (5th Ed.) p. 52.

[6] But defendant asserts that the amount of damages found by the trial judge was $1,725.65, the value of the seven pianos, and further damages by way of interest in the sum of $517.69, or a total of $2,243.34.   It is not, however, the finding or verdict that determines the amount in controversy, but, as before stated, the amount of damages alleged in the declaration, unless such amount is not made in good faith, but only for the purpose of giving the court jurisdiction.   The facts in the present case negative any such conclusion in respect to the plaintiff's intention.   In fact, the plaintiff can hardly be charged with having deliberately raised the amount of damages above $3,000, for it assumed that the court had jurisdiction of this cause on an entirely different ground.   In considering the good faith of the pleader, it should be borne in mind that plaintiff was not a party to the original contract of sale; that several of the pianos which defendant secured from bankrupt were shortly before that time sold in Milwaukee on conditional sales, with monthly payments, for $650 each.   There is evidence in the record to the effect that after their character and exact quality were known, their market value was placed at $450 each.   Likewise, the plaintiff charged that all of the nine pianos had been unlawfully turned over to defendant by bankrupt.   They had not been listed by the bankrupt, and the pleader was necessarily somewhat uncertain as to the number and the value of the pianos.   It had never seen the pianos, and knowledge of their existence and of their disposition defendant and the bankrupt industriously kept from plaintiff.   In other words, in ascertaining the plaintiff's good faith in alleging damages in excess of $3,000, we must assume as is alleged, that plaintiff believed defendant was liable for nine instead of seven pianos, and that some of them were worth nearly $650 each.   Without discussing the question further, we conclude that the allegation of damages in excess of $3,000 is not shown to have been made in bad faith, or for the sole purpose of giving the federal court jurisdiction of the cause of action.

[7] Respecting defendant's urge that the evidence fails to support the judgment it appears that, shortly before the Heller Piano Company was adjudged a bankrupt, it purchased of the plaintiff nine pianos, which were shipped to and duly received by the bankrupt company; that all of them were promptly delivered to prospective buyers prior to October 3, some being delivered on conditional sales, while others were for demonstration purposes only; that the petition was filed October 15, and adjudication followed on October 28.   Six of the pianos were secured by defendant the following January, it being fairly inferable that Mr. Heller, president of the Heller Piano Company,

under vigorous threats from defendant, secured the pianos unknown to the trustee, and shipped them to defendant at Chicago. Five of these pianos were part of the original nine; the sixth being in no way connected with that shipment. On May 24 another piano of the original lot was, unknown to the trustee, sent to the defendant. On February 11, defendant filed its proof of debt for $840; the amount being the balance claimed to be due upon account of the sale of merchandise to said bankrupt. Heller, representing the bankrupt, made false and fraudulent representations to defendant concerning the standing, business, and credit of bankrupt. On October 28, a trustee was appointed to represent the creditors, and all of the assets of the bankrupt passed to him. Among such assets, though never turned over to him, were the seven pianos in question. At no time after October 15, could Heller, president of the Heller Piano Company, lawfully transfer title to these pianos to the defendant, or to any one else. In no way could defendant secure lawful possession of them, except through application to the court.

If defendant desired to repossess them because of fraud in their sale, it might have filed a petition in the bankruptcy court at Milwaukee, and if the showing justified it, could have secured a rescission of its contract. But to rescind or repudiate its contract, it was under the necessity of tendering back what it had received, the notes and checks evidencing the purchase price. In other words, when defendant discovered the fraud, if any was committed in the sale of the pianos, it had an election of remedies. It could waive the fraud and insist upon the payment of its debt, or it could have sought to repossess itself of the instruments sold, in which case it was required to make a demand and tender back what it had received in the way of payment.

Under no circumstances could it acquire a lawful possession of the pianos by taking them, unknown to the court or the trustee. Heller, former president of the bankrupt company was no more authorized to act after the petition in bankruptcy was filed than a stranger, and it is quite immaterial whether defendant's threats intimidated him into refraining from listing the assets in bankruptcy, or caused him to surreptitiously and unlawfully take possession of the pianos and ship them to Chicago. The pianos belonged to the trustee in bankruptcy at the time defendant secured possession of them. Their conversion and sale by defendant therefore created a cause of action in favor of the trustee, which, upon the evidence here related, warranted the entry of the judgment under review.

The judgment is affirmed.