## RANDALL v. BECTON-DICKINSON CO.

District Court, D. Massachusetts. March 23, 1927.

No. 2021.

1. **Courts ⬅⟳329(1)—Allegation of plaintiff's pleading determines amount involved for purpose of federal court jurisdiction.**

In action for unliquidated damages, allegation of plaintiff's pleading determines amount involved for purpose of jurisdiction of federal court.

2. **Removal of causes ⬅⟳74—Amount for removal in attachment action against nonresident not appearing held amount claimed, and not amount attached.**

In an action in attachment by trustee process against a nonresident defendant, who has not been served nor entered a general appearance, the amount involved, for the purpose of determining jurisdiction of a federal court on removal, *held* the amount claimed in plaintiff's declaration and the trustee writ, and not the amount which may be reached in the hands of the trustees, which cannot be known until hearing on their returns.

At Law. Action by William A. Randall against the Becton-Dickinson Company. On motion to remand to state court. Denied.

Arthur Berenson, Hale & Dorr, and V. C. Brink, all of Boston, Mass., for plaintiff.

Warner, Stackpole & Bradlee and John G. Palfrey, all of Boston, Mass., for defendant Becton-Dickinson Company.

BREWSTER, District Judge. This action was originally brought in the superior court for the county of Suffolk, commonwealth of Massachusetts, and removed to this court by reason of diversity of citizenship. Plaintiff now files a motion to remand to the state court, on the ground that this court is without jurisdiction. It is his claim that the amount in controversy does not exceed, exclusive of interest and costs, the sum or value of $3,000. Judicial Code, § 24 (Comp. St. § 991). The only question raised on plaintiff's motion is whether the amount in controversy is sufficient to give this court jurisdiction. The question arises in this fashion:

The action is brought to recover unliquidated damages for breach of contract. The plaintiff has alleged in his declaration that, as a result of the breach, he has suffered damages to the extent of $250,000.

The suit was begun upon a trustee writ, in which 10 individuals and corporations were named as trustees, and all of whom were served with process. After the writ and declaration had been returned into the state court, a special precept was issued against all of the alleged trustees and was duly served upon them. In both the writ and the special precept it is alleged, in substance, that the trustees have in their hands goods, effects, and credits belonging to the defendant to the value of $250,000. Three of the alleged trustees have never appeared nor answered either to the original summons or to the special precept. Seven of the trustees have answered to the original summons and

three to the special precept. The trustees' answers on file disclose in the aggregate credits and effects in their hands to an amount approximating $1,100. No service was made on the nonresident defendant. It appeared in the state court specially and solely for the purpose of protecting its interest in the property attached on the trustee process. It has not since entered a general appearance, and apparently does not intend to do so.

[1] If there had been service upon the defendant, or if it had appeared generally, the question now presented could not have been raised, because it is too well settled to admit of doubt that, the claim being for unliquidated damages, the amount of the damages, as alleged in the pleadings, would govern. Smith v. Greenhow, 109 U. S. 669, 3 S. Ct. 421, 27 L. Ed. 1080; Barry v. Edmunds, 116 U. S. 550, 6 S. Ct. 501, 29 L. Ed. 729; Gorman v. Havird, 141 U. S. 206, 11 S. Ct. 943, 35 L. Ed. 717; Federal Wall Paper Co. v. Kempner (D. C.) 244 F. 240.

[2] The plaintiff's contention is that, because the defendant has appeared specially, a different standard is required with which to measure the sum or value in controversy, and that the court, in order to determine whether the jurisdictional amount is involved, must look to the value of the property under attachment rather than to the extent of the plaintiff's claim against the defendant. • If this contention is sound, then so far as now appears from the record the amount is not sufficient to give this court jurisdiction. The contention is based on the proposition that no judgment in personam can be recovered against a nonresident defendant, who is not served with process and who fails to appear generally, and that therefore the only basis for jurisdiction of the suit is the property attached. These fundamental principles of law upon which the plaintiff has premised his argument are firmly established in our jurisprudence. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Freeman v. Alderson, 119 U. S. 185, 7 S. Ct. 165, 30 L. Ed. 372; Clark v. Wells, 203 U. S. 164, 27 S. Ct. 43, 51 L. Ed. 138; Ownbey v. Morgan, 256 U. S. 94, 41 S. Ct. 433, 65 L. Ed. 837, 17 A. L. R. 873; Cheshire National Bank v. Jaynes, 224 Mass. 14, 112 N. E. 500.

But I have difficulty in following the plaintiff to his conclusion that the value of the attached property for jurisdictional purposes becomes the value of the matters in issue, within section 24 of the Judicial Code. Such a conclusion, in my opinion, runs counter to the only authorities that impart any light upon the question. The precise question does not seem to have been considered by the courts, but there are several reported cases where the court has been called upon to decide whether the amount of the claim asserted by the plaintiff, or the value of property sought to be reached to satisfy the claim, should be regarded as the amount or value in controversy. In these cases the court has uniformly held that jurisdiction depended upon the amount of the claim asserted, rather than upon the value of the property found within the territorial limits of the state or district. Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871; Casey v. Baker (D. C.) 212 F. 247; Werner v. Murphy (C. C.) 60 F. 769; Alkire Grocery Co. v. Richesin (C. C.) 91 F. 79.

The case of Alkire Grocery Co. v. Richesin, supra, is particularly apposite because in that case, as in the case at bar, the claim exceeded the value of the property sought to be recovered.

Conway v. Owensboro Sav. Bank & Tr. Co. (C. C.) 165 F. 822, is cited by the plaintiff in support of the proposition that, where creditor's bill is brought to reach and apply corporate assets, the value of the assets, and not the amount of creditor's claim, was the jurisdictional test. This clearly is not the law prevailing since Lion Bonding & Surety Co. v. Karatz, supra, where an exactly opposite result was reached.

The plaintiff points out that in the cases above cited the court had jurisdiction of the parties and could render a decree or judgment enforceable against them, whereas in the case at bar the judgment would be good only as against the funds attached, and that therefore the value of the object to be gained must be limited to the amount of the funds disclosed in the answers of the trustees. The theory advanced is plausible, but is open to serious objections, which appear to. me to have controlling importance. It is generally supposed that the requisite amount in controversy must appear from the record at the time the suit was instituted. Foster's Federal Practice, § 6; Strasburger v. Beecher (C. C.) 44 F. 209. And in removal cases the right to remove depends upon the case disclosed by the pleadings when the petition therefor is filed. Salem Trust Co. v. Manufacturers' Finance Co., 264 U. S. 182, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867.

When the petition for removal was filed in the case at bar, it was not possible to determine the exact amount of the funds attached. All goods, effects, and credits in the hands of the trustees, at the time of the serv-

ice of process upon them, up to $250,000, were attached, both on the original process and on the special precept. Some of the trustees have not answered at all, and it does not yet conclusively appear that the plaintiff may not, by interrogatories or other process, compel the disclosure of additional funds. Until all answers are in, and the plaintiff has exhausted all recourse against the trustees, how is it possible for the court to determine the exact amount of the goods, effects, and credits belonging to the defendant which may be found in the hands and possession of the trustees?

It does not seem reasonable to me that the court must await the outcome of events before it can determine whether it can take jurisdiction of the case. To make the jurisdiction of the court depend upon subsequent developments, which can only appear after suit is entered in court, is to introduce an element of uncertainty into judicial proceeding. This situation the court does not favor. Pennoyer v. Neff, supra.

Moreover, I can see no reasonable basis for adopting one standard of measurement in a case where a nonresident defendant appears voluntarily, and another standard in a case where he appears for the sole purpose of protecting the attached property. These difficulties may be avoided by adopting as the criterion the value of the matters put in issue between the plaintiff and the principal defendant. This, in my opinion, is the controversy contemplated by the Judicial Code, rather than any issues that may be raised between a trustee and the principal defendant. When the case was removed, the pleadings clearly showed that the amount of plaintiff's alleged claim exceeded $3,000 by a very substantial margin.

But if, for the sake of argument, we adopt plaintiff's theory that the funds caught in the trustee proceedings measure the jurisdictional amount, and we resort, as I think we must, to the pleadings for a statement of the value of the goods, effects, and credits belonging to the principal defendant in the hands and possession of the trustees, we would find the plaintiff alleging that this value was $250,000.

If the jurisdictional amount appears in the pleadings when removal is sought, the court does not lose jurisdiction because the amount finally adjudged to be due a plaintiff falls below the requisite amount. Schunk v. Moline, 147 U. S. 500, 13 S. Ct. 416, 37 L. Ed. 255; Peeler v. Lathrop (C. C. A.) 48 F. 780; Washington County, Neb., v. Williams (C. C. A.) 111 F. 801.

By the same token the court would not lose its jurisdiction, because the property attached and ultimately available to satisfy the judgment turned out to be less than $3,000.

Motion to remand is denied.