## GERSHOWITZ v. LANE COTTON MILLS.

District Court, N. D. Texas, Dallas Division.

Dec. 31, 1937.

the state system by publication and sued out a writ of attachment and a writ of garnishment. On the latter $1,800 was caught. The defendant removed the case to this court. It first applied for dismissal because there was no jurisdiction. Later it amended its motion, asking the court to proceed only so far as the $1,800 are concerned. To this procedure the plaintiff has made no objection.

Even before Pennoyer v. Neff, 95 U. S. 714, 24 L.Ed. 565, it was recognized that in a position such as that presented here, the jurisdiction of the court was limited to an inquiry into and a determination of the obligations between the plaintiff and defendant only incidental to its jurisdiction over the property. A judgment, though, in the form of a personal one, against the defendant, has no effect beyond the property attached. No suit can be maintained on the judgment in any court; nor can it be used as evidence in any other proceeding not affecting the property; nor can the costs, even, be collected out of any other property. It is, in truth, and in fact, substantially, a proceeding in rem. No judgment in personam, outside of the limits of the property, can be rendered.

It seems to be basically sound, though, to say that the amount in controversy is in excess of $3,000. The ordinary rules which fix jurisdiction tie themselves to the allegations of the plaintiff's petition. If the action is for damages, the plaintiff's statement of the amount is usually taken. Smith v. Greenhow, 109 U.S. 669, 3 S.Ct. 421, 27 L.Ed. 1080; Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729; Gorman v. Havird, 141 U.S. 206, 11 S.Ct. 943, 35 L. Ed. 717; Federal Wall Paper Co. v. Kempner, D. C., 244 F. 240. That rule operated upon the suit when it was first brought.

The cases of Salmon Falls Manufacturing Company v. Midland Tire & Rubber Company, 6 Cir., 285 F. 214, 215, and of Randall v. Becton-Dickinson Company, D. C., 18 F.2d 631, justify the right of the trial court to go forward and rule the cause even though the value of the property caught by such a summary writ, in the state court, is below the requisite jurisdictional amount for the national court.

Each concedes that the sole thing in controversy is the property. Suggestions are made that justification may be found in the procedure in other cases where large amounts are claimed, and by various actions in the trial court the amount is whittled

McCombs, Andress & Johnson and Henry Klepak, all of Dallas, Tex., for plaintiff.

Thompson, Knight, Baker, Harris & Wright, of Dallas, Tex., for defendant.

ATWELL, District Judge.

Suit was brought in the state court for $20,000 damages. The defendant was a nonresident corporation, doing no business in Texas. The plaintiff sought service under

down below the jurisdiction, which actions do not strip the court of its power to conclude its work.

The national statute which requires the national court to preserve liens which may have been obtained in the state court before removal is a sure ground upon which to build the right of retention and disposition. A case which originates in the state court upon a petition which claims an amount in excess of $3,000 may form the basis of the removal, and property which may have been caught by ancillary summary writs out of the state court follows to the national court, and by virtue of the statute just mentioned the national court must complete its work, after having found that there is no power to hold the defendant, because of the lack of personal service, and dispose of the property which came into its lap on removal.

The language of the statute is that the "court shall hold the goods or estate so attached or sequestered to answer the final judgment or decree in the same manner as by law they would have been held to answer final judgment or decree had it been rendered by the court in which said suit was commenced." Section 79, title 28 U.S. C.A. This includes garnishment. Pere Marquette Railway Company v. Western Heater Dispatch, D. C., 284 F. 574.

The District Court takes the case up where the state court left off. Duncan v. Gegan, 101 U.S. 810, 25 L.Ed. 875. See, also, Clark v. Wells, 203 U.S. 164, 27 S.Ct. 43, 51 L.Ed. 138.

The right of the defendant to object to the jurisdiction and to be sustained in such objection so far as an in personam judgment is concerned, over and above the amount of the property caught in the state court, does not alter the efficacy and binding force of this statute.

The rule seems to be that where the court acquires jurisdiction by the taking of property of a nonresident defendant, and not by personal service, and the defendant moves to limit relief to the value of the attached property, the court should go forward for that purpose, and an adjudication that the property is not liable for the debt will not bar subsequent action against the defendant, nor will a judgment against the property sustain a subsequent action against the defendant personally.

The motion to limit the recovery to the amount of property seized is granted.